594 P.2d 554

**In the Matter of the Appeal in MARICO-PA COUNTY JUVENILE ACTION NO. J–86715.**

**No. 1 CA–JUV 71.**

Court of Appeals of Arizona,
Division 1,
Department A.

April 24, 1979.

---

**302**

Ross P. Lee, Maricopa County Public Defender by Anne W. Kappes, Deputy Public Defender, Phoenix, for appellant.

Charles F. Hyder, Maricopa County Atty., by Judith C. Ruhl O'Neill, Jerry G. Landau, Deputy County Attys., Phoenix, for appellee.

## OPINION

FROEB, Judge.

A petition was filed against appellant juvenile alleging delinquency by reason of conduct amounting to joyriding. In a hearing before a juvenile court referee, appellant entered an admission to the petition, and, subsequently, the court committed appellant to the Department of Corrections. Appellant raises the following issues: (1) Can an admission by a juvenile be found to have been voluntarily and intelligently made in the absence of a record indicating that the juvenile was aware of the rights waived by the admission and its possible consequences? (2) Must a finding of a factual basis for the admission be made by the juvenile court? (3) Was commitment to the Department of Corrections excessive under the circumstances?

By the rules of procedure for the juvenile court, the necessity for holding an adjudication hearing is obviated whenever the juvenile enters an admission to the allegations of the petition. A juvenile may admit the allegations during the initial advisory hearing, 17A A.R.S., Rules of Procedure for the Juvenile Court, Rule 6(f), or at the adjudication hearing, 17A A.R.S., Rules of Procedure for the Juvenile Court, Rule 7. Following an adjudication of delinquency the case proceeds to the dispositional phase. 17A A.R.S., Rules of Procedure for the Juvenile Court, Rule 8.

The entry of adult guilty pleas is governed by 17 A.R.S., Rules of Criminal Procedure, Rule 17. That rule provides, *inter alia*, for compliance with the requirements of *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). *Boykin* requires that there be an affirmative showing on the record that the plea was intelligent and voluntary. In particular, *Boykin* requires that the record show that there was a voluntary and intelligent waiver of a defendant's privilege against compulsory self-incrimination, right to a jury trial, and right to confront one's accusers. The case held that waiver of these rights cannot be presumed from a silent record. This is in keeping with the notion that a waiver is an "intentional relinquishment or abandonment of a known right or privilege." *Johnson v. Zerbst*, 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461, 1466 (1938).

Further, *Boykin* requires that a defendant be aware of the maximum sentence before pleading. *State v. Hooper*, 107 Ariz. 327, 487 P.2d 394 (1971); *State v. Ross*, 108 Ariz. 245, 495 P.2d 841 (1972).

Juvenile procedures are not governed by a rule comparable to Criminal Rule 17. Nevertheless, juvenile procedures which may lead to commitment in a state institution must be conducted in conformity with minimal standards of due process. *Re Gault*, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967). The legislature has authorized the juvenile court to commit a juvenile to the Department of Corrections until age twenty-one unless sooner discharged pursuant to law. A.R.S. § 8–241(A)(2)(e); A.R.S. § 8–246(A). The Department of Corrections is authorized to assign the delinquent child to an appropriate state institution or training school. A.R.S. § 41–1609(C). Since a delinquent child may be committed to a state institution, it is clear that in delinquency proceedings minimal due process guarantees must be afforded the juvenile. *Re Gault.*

Because the juvenile gives up constitutional rights by admitting the allegations of a petition, the courts of several states have concluded that due process standards require the juvenile court to follow procedures similar to those set down in *Boykin*. *In re Beasley*, 66 Ill.2d 385, 6 Ill.Dec. 202, 362 N.E.2d 1024 (1977), *cert. denied*, 434 U.S. 1016, 98 S.Ct. 734, 54 L.Ed.2d 761 (1978); *In re Ronald E.*, 19 Cal.3d 315, 137

Cal.Rptr. 781, 562 P.2d 684 (1977); *In re Michael M.,* 11 Cal.App.3d 741, 96 Cal.Rptr. 887 (1970); *State ex rel. Juvenile Department of Coos County v. Welch,* 12 Or.App. 400, 501 P.2d 991, 507 P.2d 401 (1972); *See also In re Maricopa County, Juvenile Action No. J–72804,* 18 Ariz.App. 560, 504 P.2d 501 (1972). We have been referred to no cases to the contrary.

We hold, therefore, that the entry of an admission by a juvenile must comply with the requirements of *Boykin.* It is sufficient if the record discloses that the juvenile was aware of the right against self-incrimination, the right to confront accusers, and the right to a trial in the form of an adjudication proceeding, together with the potential of commitment to the Department of Corrections until age twenty-one. We do not hold that the provisions of Criminal Rule 17 are applicable in juvenile proceedings. The criminal rules are by their very terms inapplicable to juvenile proceedings. *Matter of Appeal in Yavapai County, Juvenile Action No. 7707,* 25 Ariz. App. 397, 543 P.2d 1154 (1975). Although they must be conducted in accord with the dictates of due process, juvenile proceedings are, nevertheless, not strictly criminal proceedings.

Turning now to the record before us we note that the adjudication below was conducted before a referee, not a juvenile court judge. The presence of a court reporter in a hearing before a referee is not required. A.R.S. § 8–234. Thus, there is no transcript of the proceedings at the adjudication hearing. The referee's report merely states: "The Court interrogates the juvenile [and] FINDS that there is a factual basis [and] that his admission is made knowingly, voluntarily, and intelligently. The Court, therefore, accepts the admission and FINDS he is delinquent." Although the report contains the conclusion of the referee that the plea was made knowingly, voluntarily, and intelligently, the record does not establish that appellant was aware of the rights that he was waiving by entering an admission. The referee's report of the initial advisory hearing three weeks

earlier does reflect that appellant was advised of his rights at that time. The record does not show, however, whether appellant was aware of these rights when the actual waiver occurred. Moreover, there is nothing in the record, either at the advisory hearing or adjudication hearing, to indicate that appellant was aware that he might be committed to the Department of Corrections until age twenty-one, which was, in fact, the disposition made.

We find it necessary, therefore, to remand this case to the juvenile court for a hearing to determine whether at the time the admission was made appellant was aware of the rights he was waiving by entering the admission and whether he was aware of the consequences. If the court finds that appellant was aware of the rights he was waiving and of the possible consequences of his admission, then it will advise this court by an appropriate minute entry containing findings of fact. In such case, if the findings are supported by the evidence, the case will be affirmed. If the court finds that appellant was at the time of his admission unaware of the rights that he was waiving by such admission or of the dispositional consequences of his admission, then the court is directed to set aside the finding of delinquency and proceed to a full delinquency hearing under the provisions of Juvenile Rule 7.

An additional requirement for a valid guilty plea in criminal cases is the existence of a factual basis for the plea. *State v. Watson,* 120 Ariz. 441, 586 P.2d 1253 (1978). Due process also requires that some factual basis for a juvenile's admission be established. The referee who accepted appellant's admission in this case concluded that there was a factual basis. This conclusion is amply supported by the petition and the police reports attached to it. *See State v. Rodriquez,* 112 Ariz. 193, 540 P.2d 665 (1975) and *State v. Davis,* 112 Ariz. 140, 539 P.2d 897 (1975).

Appellant next argues that his commitment to the Department of Corrections was excessive under the circumstanc-

es. The disposition of a juvenile who has been adjudicated delinquent is within the discretion of the juvenile court and will not be disturbed absent a clear abuse of discretion. *In re Appeal in Maricopa County, Juvenile Action No. J–78070*, 24 Ariz.App. 248, 537 P.2d 976 (1975). Appellant states that he has never had a previous finding or adjudication of delinquency in the Maricopa County Superior Court and that he had, therefore, never previously been given a chance to be submitted to the jurisdiction of the probation department. We have reviewed the record in this case and note that the juvenile has had past involvement with both the Maricopa County juvenile system and the San Carlos Tribal Court. Further, the incident in which appellant was involved was a serious one. It appears that he stole a truck and, in the course of trying to escape, attempted to run over one of his pursuers. On this record, we do not find an abuse of discretion in ordering the commitment of appellant to the Department of Corrections.

Remanded for further proceedings in accordance with this opinion.

DONOFRIO, Acting P. J., and HAIRE, J., concur.