776 P.2d 1080

**In the Matter of the Appeal in CO-CHISE COUNTY JUVENILE ACTION NO. DL89-00020.**

**No. 2 CA–JV 89–0020.**

Court of Appeals of Arizona, Division 2, Department A.

July 27, 1989.

Robert Arentz, Cochise County Public Defender by Benna R. Troup, Bisbee, for Juvenile.

Alan K. Polley, Cochise County Atty. by Dushan S. Vlahovich, Bisbee, for State.

OPINION

HATHAWAY, Judge.

The minor appeals from the order of the juvenile court granting the state's petition to remand to superior court for prosecution as an adult, arguing that he was denied the right to a speedy trial as well as due process by the state's delay in these proceedings. Finding no error, we affirm.

The minor was arrested on February 10, 1989, and charged with possession of marijuana, possession of marijuana for sale, and unlawful transportation of marijuana. On February 14 a delinquency petition and petition for detention were filed in the juvenile court. A detention hearing was held the same day, and the state's petition was granted. The court further ordered that the minor's initial hearing be scheduled "subject to the call of the Court's calendar." On February 21 the juvenile allegedly assaulted a corrections officer and attempted to escape from the juvenile corrections facility. The state filed an amended petition on March 2 adding these charges, and also filed a petition to remand to superior court for criminal prosecution. On March 6 counsel for the minor made an oral motion to accelerate the hearing on speedy trial grounds, which was denied on the ground that March 16 was the earliest date the court could hear the matter. The hearing on both probable cause and transfer was held on March 16 and continued by stipulation to March 20. At the conclusion of this hearing, the juvenile court granted the state's motion. The minor turned 18 on March 23.

■ The main thrust of the minor's argument is that he was prejudiced by the state's delay in holding his initial hearing. In fact, no initial hearing was ever held, as a consequence of the state's filing the petition to transfer. Ariz.R.P.Juv.Ct. 6(a), 17B A.R.S. provides that "[a]fter the petition has been filed, the child and the parents ... shall be notified to appear before the court." The purpose of this hearing is to advise the minor of his right to counsel and his right to remain silent. Rule 6(b) and (d). The rule provides for the permissive waiver of the right to counsel, and for the appointment of counsel for indigent minors. Rule 6(b) and (c). Rule 6 further provides:

(e) If counsel is requested, the court shall recess the hearing and order that counsel be secured for the parties. The court may set the cause for an adjudication hearing or make such other order as it deems proper.

(f) If counsel is waived, the court may proceed by calling upon the child to admit or deny the allegations of the petition. If the allegations are denied, the court shall set the matter for an adjudication hearing; if the allegations are admitted, the court may proceed with the dispositional hearing.

The minor argues that the initial hearing contemplated by Rule 6 is equivalent to an arraignment which, under the criminal rules, must be held within 10 days after the charges have been filed. Ariz.R.Crim.P. 14.1(a), 17 A.R.S. Although acknowledging that no time limits are set forth in Rule 6, the minor argues that the hearing should have been held within a similarly brief period. Because the hearing was not timely held, at which time he would have entered an admission to the original charges, he argues that he was prejudiced in two ways. First, the subsequent offenses would not have occurred; and second, the state would have been precluded from seeking transfer and his disposition would have occurred within the juvenile system.

As to the first point, even assuming that unreasonable delay occurred, the prejudice asserted cannot be attributed to the state. It requires no discussion to conclude that the minor, and not the state, is solely responsible for criminal conduct occurring while he was incarcerated.

■ We also disagree with the minor's second point. It is well settled that the rules of criminal procedure are inapplicable to juvenile proceedings. *Matter of Maricopa County Juvenile Action No. J–86715*, 122 Ariz. 300, 594 P.2d 554 (App.1979).

Further, unlike criminal Rule 14.1, juvenile Rule 6 does not require that a plea be taken at the initial hearing. The rule permits, but does not require, the court to take a plea from a minor who has waived counsel, and makes no mention of taking a plea from a counseled minor. Indeed, the rule specifically provides that, if counsel is requested, "the court shall recess the hearing and order that counsel be secured." Ariz. R.P.Juv.Ct. 6(e), 17B A.R.S.

No subsequent reference is made to the entry of a plea until Rule 7, which permits the court to take corroborative evidence at the adjudicatory hearing if the child admits the allegations of the petition. Unlike the criminal rules, the juvenile rules do not establish hard and fast timelines for delinquency proceedings, but are rather designed to give the juvenile judge the flexibility to deal with each case as the circumstances require. *See* Ariz.R.P.Juv.Ct. 7. ("At any hearing other than with respect to transfer to another court, the court may handle all matters at one time or in phases, to wit: An advisory phase, a detention phase if necessary, an adjudicatory phase, a dispositional phase, or in any combination of phases.")

■ Moreover, even if an initial hearing had been held and the minor had admitted the allegations, we do not believe the state would have been automatically precluded from seeking a transfer. Rule 12(a) permits the state to file a petition to transfer "at any time prior to an adjudication...." An adjudication represents the juvenile court's finding of delinquency, based either on the admission of the minor or proof presented by the state. As we read Rules 6 and 7, upon an admission by the minor the juvenile court is not required to make an automatic finding of delinquency. It "may" proceed with disposition, or it "may" hear corroborative evidence. Thus, the mere entry of an admission is not tantamount to an adjudication.

■ The real issue is whether the minor has suffered any legally cognizable prejudice as a result of any delay in these proceedings. Sixteen days elapsed between the date the original petition was filed and the date of the amended petition. We note that at no time during this period did the minor request accelerated proceedings despite his awareness of the brief time remaining for the court to exercise its jurisdiction over him. Once the amended petition and petition to remand were filed, another 14 days elapsed before the transfer hearing. Applying the four-fold test set forth in *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), we cannot find that the minor was deprived of his right to a speedy hearing or that the delay increased the likelihood that the minor would be transferred for criminal prosecution. The original petition alleged three serious offenses, and at the time they were committed the minor was less than two months from his eighteenth birthday. At least a portion of the delay was attributable to the minor's subsequent conduct in custody. Considering all of the proceedings as a whole, we find no error.

Affirmed.

HOWARD and LIVERMORE, JJ., concur.