185 Ariz. 295 (1996)
915 P.2d 1250
In the Matter of the Appeal in MARICOPA COUNTY, JUVENILE ACTION NO. JV-508488.
No. 1 CA-JV 95-0104.
Court of Appeals of Arizona, Division 1, Department A.
April 18, 1996.
*296 Dean W. Trebesch, Maricopa County Public Defender by Susan G. White, Deputy Public Defender, and Amanda McGee, Phoenix, for Appellant Juvenile.
Richard M. Romley, Maricopa County Attorney by Erica Bianchi-Jones, Deputy County Attorney, Mesa, for the State.
OPINION
CONTRERAS, Presiding Judge.
The juvenile appeals from the revocation of his probation for failure to attend Valley Vocational Services Day Support Programming *297 as orally directed by his probation officer. The issue presented is whether this failure constituted a violation of the written term of probation that the juvenile "attend school as required by law," and, if not, whether the oral direction to attend Valley Vocational was required to be in writing to constitute a basis for probation revocation. This question requires us to examine whether to apply the requirements of Rule 27.7(c), Arizona Rules of Criminal Procedure, and the case law interpreting those requirements, to juvenile probation revocation proceedings.
FACTS AND PROCEDURAL BACKGROUND
On January 11, 1994, at age 12, the juvenile was adjudicated incorrigible on the ground of habitual truancy on "regular school days with classes being held, in violation of A.R.S. § 8-201(6)(13) and 8-241." He was placed on probation, and in accordance with the written terms and conditions of probation was ordered to "attend school as required by law," pay a monthly probation fee, and participate in counseling as directed by his probation officer.
On April 6, 1994, he admitted to violating the terms of probation by his truancy from school, and the juvenile court ordered him continued on probation, with additional counseling. On February 21, 1995, the juvenile again admitted to truancy as a violation of his probation. His probation officer requested that the juvenile be placed in the "Valley Vocational Evening[1] Support Program," effective March 20, 1995, for a period not to exceed six months. The court granted this request, and reinstated the juvenile's probation, again ordering, as term number 9, that the juvenile "attend school as required by law," and complete 30 hours of unpaid community work.
The juvenile, who had been enrolled at Fees Junior High School in Tempe, was placed in Valley Vocational Services, effective March 20, 1995. On June 27, 1995, the probation officer filed a petition to revoke probation on the basis that, "on or about the 19th day of June, 1995, [the juvenile] violated term number 9 of the terms of probation as imposed on April 3, 1995 ..., by failing to attend school at Valley Vocational, in violation of A.R.S. §§ 8-201 and 8-241(A)(2)(b)." At the time of the alleged violation, June 19, 1995, Fees Junior High School was not in session.
Based on the probation officer's recommendation, the juvenile court terminated the juvenile's placement at Valley Vocational Services effective June 19, 1995. At the advisory hearing, the court did not find probable cause that the juvenile committed the offense alleged in the petition, and ordered the juvenile released to the custody of his mother, subject to conditions pending the adjudication hearing, including, "[e]nroll in and attend school when school is in session."
At the adjudication hearing, the juvenile's current probation officer testified that he had reviewed the terms of probation with the juvenile on June 26, 1995, a week after the alleged violation, and that the juvenile "was aware that he had needed to attend Valley Vocational." He had no documentation that this term had been reviewed by his previous probation officer with the juvenile prior to the date of the alleged violation. The probation officer also testified that the juvenile was given credit for community service based on his attendance at Valley Vocational, and was paid $1.00 a day when attending. On cross-examination, the probation officer admitted that Fees Junior High School was not in session on June 19, the date of the alleged violation.
The juvenile's mother testified that she was present when the previous probation officer reviewed the terms of probation with the juvenile on April 3, 1995:
Q. And do you remember [the probation officer] telling [the juvenile] that he had to go to school as part of his terms and conditions?
A. Yes.
Q. Did she tell you where he was going to school?
A. Yes.

*298 Q. Where was that?
A. Fees.
Q. Did she talk about Valley Vocational with him?
A. Yes, she did.
Q. What did she tell you  him about Valley Vocational?
A. That he had to attend.
His mother also testified that the juvenile was currently enrolled in Fees Junior High School, and that Fees was not in session during the summer.
The site manager at Valley Vocational Services testified that the juvenile was enrolled in that program from March 20, 1995, to June 19, 1995, when he was terminated for "poor attendance."
At the close of evidence, the juvenile's counsel moved for a directed verdict, and the following discussion ensued:
[JUVENILE'S COUNSEL]: I make a motion for a directed verdict, Your Honor. My client is charged with not attending school as required by law. As required by law is a 9-month school year. June 19th is not a school date. My client was not  part of his terms and conditions of probation was not Valley Vocational which happens to run in the summer. But I just submit that the State has not proven that my client had a legal obligation to attend school on June 19th which is during summer vacation as required by law.
....
[PROSECUTOR]: Your Honor, the standard here is preponderance of the evidence. We've had ample evidence and testimony today that the juvenile was informed that he had to attend school as required by law. A part of that is required by what this Court orders, and if the Court orders the juvenile to follow the instructions of his Probation Officer in order to be successful on probation, then the juvenile has to do what the Probation Officer  who is an officer of the Court  informs him to do. And we have had testimony that everyone ... was told of this with those two people. His mother knew as well and even the school spoke with him and he knew that he had to attend Valley Vocational, and he did not and he chose not to.
THE COURT: Anything else?
[JUVENILE'S COUNSEL]: It wasn't a condition of his probation, so he cannot be violated for it. Even if the Probation Officer tells him to do something, it is not a condition of his probation.
THE COURT: Motion denied.
The court found the juvenile had violated the terms and conditions of his probation by failing to attend school as required by law, and revoked his probation. At the disposition hearing, the court continued the juvenile on probation, ordering that he "[a]ttend school as required by law, and have no unexcused absences," perform 50 hours of community service work, attend the Southwest Key Outreach & Training Program, attend psychological evaluations, and visit the Phoenix Art Museum and prepare a report. The juvenile timely appealed from this order.
DISCUSSION
The juvenile court has jurisdiction to award an incorrigible child to the care of the child's parents, "subject to the supervision of a probation department" or to "the protective supervision of a probation department, subject to such conditions as the court may impose." A.R.S. § 8-241(A)(3). Among the definitions of "incorrigible child" is "any child who is habitually truant from school as provided in § 15-803, subsection C." A.R.S. § 8-201(13). "Truant child" is defined as "a child who is between six and sixteen years of age and who is not in attendance at a public or private school during the hours that school is in session, unless excused as provided by this section." A.R.S. § 15-803(C)(2). This juvenile was originally adjudicated incorrigible and placed on probation based on these provisions.
When a juvenile has been found, by a preponderance of the evidence, to have violated the terms of his probation, the juvenile court has discretion to revoke that probation. Maricopa County Juv. No. J-72918-S, 111 Ariz. 135, 136-37, 524 P.2d 1310, 1311-12 (1974); Rule 18(3), Arizona Rules of Procedure for the Juvenile Court. Juvenile court *299 proceedings for revocation of probation are initiated and processed under the general rules provided for in juvenile delinquency actions. Rule 10, Arizona Rules of Procedure for the Juvenile Court.
The juvenile's first argument on appeal is that the juvenile's failure to attend Valley Vocational Services did not constitute a violation of the written term of his probation that he "attend school as required by law." We agree. No evidence in this record indicates that, prior to the date of the alleged violation, the juvenile was advised in writing that he was required by "law" to attend Valley Vocational Services in lieu of "school," as that term is used in the applicable statutory provisions. Nor does the record indicate that Valley Vocational Services was an educational institution. Rather, the juvenile was undergoing counseling, participating in support groups, and earning community service credit and daily payment while in attendance there. His mother testified that the previous probation officer had advised him of the requirement that he attend Fees Junior High School, where he was still enrolled, but which was not in session on the date of the alleged violation. No written term of probation required him to attend Valley Vocational as a "school." On this record, we conclude that no evidence was presented that the juvenile violated the specific written term of probation.
The issue remains, however, whether violation of the probation officer's oral directive that the juvenile attend Valley Vocational Services was sufficient to revoke probation in the absence of a written term of probation including Valley Vocational as the juvenile's "school." Under our rules in the adult criminal setting, an oral term is not sufficient to constitute a basis for probation revocation. See Rule 27.7(c)(2), Arizona Rules of Criminal Procedure. However, the juvenile rules are silent as to this requirement.
As a general rule, our Rules of Criminal Procedure are inapplicable to juvenile proceedings, which are not strictly criminal in nature. State v. Berlat, 146 Ariz. 505, 508, 707 P.2d 303, 306 (1985) (juvenile's right to delayed appeal not governed by criminal Rule 32); Maricopa County Juv. No. JV-500210, 177 Ariz. 3, 5, 864 P.2d 560, 562 (App. 1993) (adult right to choose incarceration over probation does not apply to juveniles); Maricopa County Juv. Nos. JV-119590 & JV-118201, 167 Ariz. 591, 593, 810 P.2d 589, 591 (App. 1990) (criminal Rule 8 speedy trial provisions do not apply in juvenile DUI case); Cochise County Juv. No. DL89-00020, 161 Ariz. 154, 155, 776 P.2d 1080, 1081 (App. 1989) (criminal Rule 14 did not apply to initial hearing held under juvenile Rule 6); Maricopa County Juv. No. J-90110, 127 Ariz. 389, 393, 621 P.2d 298, 302 (App. 1980) (Rule 17.2 criminal rule did not apply to juvenile system); Maricopa County Juv. No. J-86715, 122 Ariz. 300, 303, 594 P.2d 554, 557 (App. 1979) (criminal Rule 17 does not apply to juvenile's admission to a delinquent act); Yavapai County Juv. No. 7707, 25 Ariz. App. 397, 399, 543 P.2d 1154, 1156 (1975) (criminal rules did not apply to juvenile's traffic case). Nevertheless, juveniles must be afforded due process in the adjudication of charges against them. In re Gault, 387 U.S. 1, 30-31, 87 S.Ct. 1428, 1445-46, 18 L.Ed.2d 527 (1967). We have held that, although adult and juvenile probation revocations are governed by different statutes, "the due process and fair play concepts apply to both...." Maricopa County Juv. No. J-66470, 19 Ariz. App. 577, 578, 509 P.2d 649, 650 (1973).
Additionally, Arizona courts have not hesitated to apply the criminal rules to juvenile proceedings when appropriate to protect a juvenile's constitutional rights. See, e.g., State ex rel. Dandoy v. Superior Court, 127 Ariz. 184, 187, 619 P.2d 12, 15 (1980) (applying criminal Rule 11 determination of mental competency to juvenile proceedings); Maricopa County No. JV-114857, 177 Ariz. 337, 338, 868 P.2d 350, 351 (App. 1993) (criminal rule regarding dismissal with prejudice applicable in juvenile case); JV-111701 v. Superior Court, 163 Ariz. 147, 150-52, 786 P.2d 998, 1001-03 (App. 1989) (criminal Rule 4 applies to require a prompt initial appearance); Pima County Juv. No. J-77027-1, 139 Ariz. 446, 449-50, 679 P.2d 92, 95-96 (App. 1984) (criminal Rule 11.7 applies to protect juvenile's privilege against self-incrimination when mental exam is ordered); In re Anonymous, *300 Juv. No. 6358-4, 14 Ariz. App. 466, 484 P.2d 235 (1971) (applying case law from adult preliminary hearing to juvenile transfer hearing); Maricopa County Juv. No. J-72804, 18 Ariz. App. 560, 564, 504 P.2d 501, 505 (1972) (applying adult standards for guilty pleas in juvenile courts); Pima County Juv. No. J-47735-1, 26 Ariz. App. 46, 48, 546 P.2d 23, 25 (1976) (analogy between preliminary hearing under adult criminal rules and first stage of juvenile transfer hearing warrants allowing hearsay to establish probable cause). Specifically, our courts have applied the reasoning of criminal Rule 27 to previous juvenile probation revocation proceedings. See Maricopa County Juv. No. J-72918-S, 111 Ariz. 135, 136, 524 P.2d 1310, 1311 (1974) (analogizing Rule 27.7 criminal procedure burden of proof to juvenile probation revocation proceedings); Pinal County Juv. No. J-169, 131 Ariz. 187, 189, 639 P.2d 377, 379 (App. 1981) (judicial interpretations of criminal Rule 27.2 regarding probation modifications "provide useful guidance in determining the requirements of due process in a juvenile setting"); Maricopa Juv. No. J-83341-S, 119 Ariz. 178, 182, 580 P.2d 10, 14 (App. 1978) (following Rule 27.7 admission of hearsay in juvenile probation revocation proceedings even though "[t]here is no counterpart in the juvenile rules to Rule 27.7(b)(3)"). As previously recognized by this court,
The application of [criminal] rules to juveniles charged with the commission of an offense is premised on concepts of due process, equal protection and fairness and not upon a belief that the rules governing prosecution of adults should apply. The Rules of Criminal Procedure only serve as a familiar vehicle to achieve due process ends.... As was emphasized to the juvenile courts of this state in Application of Gault, "[t]he hearing must measure up to the essentials of due process and fair treatment."...
JV-119590 & JV-118201, 167 Ariz. at 593, 810 P.2d at 590.
Under the adult criminal rules, probation may not be revoked unless the probationer has received written notice of the term allegedly violated. Rule 27.7(c)(2), Arizona Rules of Criminal Procedure. Our courts have interpreted this rule to conclude that a probationer may not be revoked based on a finding of failure to comply with an oral order from a probation officer. State v. Robinson, 177 Ariz. 543, 546, 869 P.2d 1196, 1199 (1994) (written term of probation that defendant participate and successfully complete counseling as directed by probation officer not sufficient for violation based on defendant's failure to comply with oral directive that he participate in "D.O.V.E." counseling when that term was not in writing); State v. Alves, 174 Ariz. 504, 505-06, 851 P.2d 129, 130-31 (App. 1992) (termination for violation of a rule that defendant is not aware of will not support revocation); State v. Jones, 163 Ariz. 498, 499, 788 P.2d 1249, 1250 (App. 1990) (probation could not be revoked based on probation officer's oral order to attend T.A.S.C. program).
In Robinson, our supreme court made it clear that, in the adult setting, a criminal probationer may not be revoked for violation of an oral term even when he admits to notice of that term and his wilful violation of it. 177 Ariz. at 545, 869 P.2d at 1198. The court reached this conclusion for several reasons: (1) the specific language of Rule 27.7 requires written notice; (2) "written notice is not an onerous requirement;" (3) finding oral notice sufficient to support revocation "might lead to unfair results;" and (4) Arizona case law has consistently required formal documentation of terms of probation that are used as a basis for revocation. Id.
In Robinson, as in this case, the probationer's revocation led merely to a reinstatement of probation. The court did not consider this disposition relevant to its inquiry whether the revocation was proper:
We do not believe that the disposition made after a finding of violation should determine whether the violation was properly found in the first instance. The clear intent of the rule is that oral terms and conditions shall not be the basis for revocation proceedings.
Id. at 544 n. 3, 869 P.2d at 1197 n. 3. Therefore, we do not consider the fact that, unlike in the adult criminal setting, this juvenile was not facing incarceration as a consequence of his probation revocation, as relevant to our *301 inquiry whether the criminal rule should apply. See Gila County Juv. No. DEL-6325 v. Duber, 169 Ariz. 47, 48, 816 P.2d 944, 945 (App. 1991) (juvenile court is without jurisdiction to impose a period of detention as a dispositional alternative for incorrigibility).
We conclude that probation revocation is an area of juvenile law in which the adult criminal requirement regarding written notice of the terms of probation upon which revocation is based is appropriately applied as a principle of due process and general fairness. The record in this case indicates that although the juvenile was aware that he was supposed to attend Valley Vocational Services as instructed by his probation officer, he was not necessarily advised that this was a "school" that he was "required by law" to attend. Under these circumstances, and under the reasoning of our supreme court in Robinson, we further conclude that written notice of this term of probation was necessary before its violation could support the juvenile's probation revocation. We agree with the reasoning of the Robinson court:
We fully understand the utility of oral orders and the need for oral communications between probationers and their probation officers. This opinion should in no way be read as discouraging that process. But if an order is important enough to warrant a revocation petition, the order first must be reduced to writing and given to probationer. ...
177 Ariz. at 546, 869 P.2d at 1199 (emphasis added).
For the foregoing reasons, we vacate the juvenile court's order revoking probation and remand for further proceedings.[2]
Reversed and remanded.
WEISBERG and TOCI, JJ., concur.
NOTES
[1] Although the probation officer requested the juvenile's placement in the evening support program, the record indicates the juvenile actually attended the day support program.
[2] Our disposition should not be construed as placing any restrictions on the juvenile court's discretion to modify the existing terms of probation on remand according to the juvenile's current needs and situation, pursuant to A.R.S. § 8-241(A)(3). The juvenile court has continuing jurisdiction to modify the disposition of this juvenile under that statute; however, that jurisdiction must be exercised in accordance with due process standards. Pinal County Juv. No. J-169, 131 Ariz. 187, 189, 639 P.2d 377, 379 (App. 1981).