942 P.2d 1196

**In re JOHN C.**

**No. 1 CA–JV 96–0215.**

Court of Appeals of Arizona,
Division 1, Department A.

Aug. 7, 1997.

Richard M. Romley, Maricopa County Attorney by Linda Alauria, Deputy County Attorney, Phoenix, for Appellee.

Dean W. Trebesch, Maricopa County Public Defender by Joel M. Glynn, Deputy Public Defender, Phoenix, for Appellant.

## OPINION

EHRLICH, Presiding Judge.

John C., a juvenile, appeals from the adjudication that he violated probation and the

---

disposition imposed. He complains that he was not instructed in writing that he was to live at a facility designated by his legal custodian and, therefore, that his probation may not be revoked for running away from that shelter. For the reasons which follow, we affirm.

### FACTUAL AND PROCEDURAL HISTORY

John was placed on probation on February 8, 1996, under the protective supervision of a probation officer, in the legal custody of the Arizona Department of Economic Security ("DES" or "ADES") and in the physical custody of a residential treatment center. After violating his probation, John, on April 23, was continued on probation under the protective supervision of a probation officer and in the custody of DES. On both occasions, the first term of probation, signed by John, required that he "will live with ADES until further court order, obey the rules and directives of [his] custodian and not run away; . . . ." He was further ordered to "cooperate with services provided by DES/ComCare."

On September 1, 1996, John was arrested on a charge of disorderly conduct, released to DES custody and placed at Safe Haven Shelter. On September 9, Safe Haven informed John's probation officer that he had run away two days earlier. John was found, returned to Safe Haven and charged with violating his probation by committing disorderly conduct and running away.

At the adjudication hearing, the parties stipulated to those facts as well as to the fact that there was no document signed by John nor court order either placing John in Safe Haven or requiring him to stay there. The juvenile court dismissed the disorderly-conduct charge but it found that, by running away from Safe Haven, John had violated term 1 of his probation. The court further said:

> While in the best of all worlds we might have a system which allowed everyone to come back to Court and put in writing the name and address of the specific facility that the juvenile was to live in through DES each time, as a practical matter DES

often has to change placement, and I believe that ordering that the juvenile live with a[sic] ADES is sufficient notice to the juvenile that he is expected to live in whatever placement is arraigned [sic] by his case manager.

> Therefore I do not believe that [*In re Appeal in Maricopa County Juvenile Action No. JV–508488*, 185 Ariz. 295, 915 P.2d 1250 (App.1996),] prevents the Court under these circumstances from finding that there was a violation of probation because I believe that the direction to quote—the direction, quote,
>
> > " . . . will live with ADES until further Court order, comma, obey the rules and directives of your custodian and not run away,"
>
> close quote, is sufficient written notice to the juvenile.

At the disposition hearing, the court ordered that John's probation be continued under the protective custody of a probation officer, in the legal custody of DES and in the physical custody of ComCare at a designated treatment center. John appealed.

### DISCUSSION

John argues that the juvenile court erred in finding that he violated his probation because he was never advised in writing that he was to reside at and not run away from Safe Haven Shelter. He relies on *In re Appeal in Maricopa County Juvenile Action No. JV–508488*, 185 Ariz. 295, 300, 915 P.2d 1250, 1255 (App.1996).

In *JV–508488, id.* at 300, 915 P.2d at 1255, the court relied on *State v. Robinson*, 177 Ariz. 543, 546, 869 P.2d 1196, 1199 (1994). In turn, the rationale of *Robinson* was based upon ARIZ. R.CRIM. P. ("Rule") 27.7(c)(2), which provides, in pertinent part that "[p]robation shall not be revoked for violation of a condition or regulation of which the probationer has not received a written copy."

As one of the conditions of Robinson's probation, he had been required to "(p)articipate and cooperate in and successfully complete any program of assistance, counseling or therapy, whether outpatient or residential, as directed by the probation officer." In

accordance with this written directive, Robinson's probation officer orally told Robinson to participate in a specific counseling program. Robinson did not and his probation officer petitioned the superior court to revoke his probation. The superior court found that Robinson had violated probation and this court affirmed because Robinson had admitted to having notice. However, the supreme court held that Rule 27.7(c)(2) prohibited the revocation of probation because Robinson had no written notice. 177 Ariz. at 544–46, 869 P.2d at 1197–99. "[I]f an order is important enough to warrant a revocation petition, the order first must be reduced to writing and given to probationer." *Id.* at 546, 869 P.2d at 1199.

In *JV–508488,* the juvenile was required by a written term of his probation to "attend school as required by law." When he failed to attend Valley Vocational Services ("VVS") as directed by his probation officer, the probation officer petitioned the juvenile court to revoke probation. The court found that the juvenile had violated the terms of his probation but this court reversed the decision. It concluded that the juvenile's failure to attend VVS as orally directed by the probation officer did not violate the written term that he "attend school as required by law" because it was unclear that VVS was a "school" in the intended sense or that he was "required by law" to attend that institution. 185 Ariz. at 301, 915 P.2d at 1256. Heeding *Robinson,* it said that an order of sufficient consequence to warrant a revocation petition first must be reduced to writing and given to the probationer. *Id.*

The juvenile in this case asserts that, similar to the situations in *JV–508488* and *Robinson,* he was not instructed in writing that he was to live at Safe Haven and, therefore, his probation may not be revoked for running away from that shelter. We, as did the juvenile court, disagree.

This case is more like *State v. Alves,* 174 Ariz. 504, 851 P.2d 129 (App.1992), than like *JV–508488* or *Robinson.* As a condition of Alves' probation, he had to successfully complete a shock-incarceration program. When he was dismissed from the program for his failure to abide by its rules and regulations, Alves contended that his probation could not be revoked because he was not given a written copy of those directives. Like Robinson, he premised his argument on Rule 27(c)(2), to which this court responded:

... [A] probationer cannot be revoked for violating a term or condition of probation which has not been provided to the probationer in writing. This rule, however, does not extend so far as to require that the rules and regulations of any program in which a probationer is required to participate be furnished in writing.

*Id.* at 505–06, 851 P.2d at 130–31.

John was a ward of the court. Legal custody was placed with DES under the supervision of a probation officer, and John was required by the written terms of his probation to "live with ADES until further court order," to "obey the rules and directives of your custodian [DES]" and to "not run away." These terms were sufficient notice to John that he was obliged to participate in any program for which DES, his custodian, arranged.

In *JV–508488* and *Robinson,* there was no issue of custodial direction and the probation officer was free to broadly implement the written terms of probation. In this case, the discretion was given to the juvenile's legal custodian, DES, and not to his probation officer. The distinction between the guidance of a probation officer and that of a custodian is critical; the former advisor possesses less legal authority than the latter, making the requirement of Rule 27.7(c)(2) of specific direction appropriate because of legal status and responsibility. ARIZ.REV.STAT. ANN. § 8–201(7). By running away from the facility chosen by DES, John violated the written terms of his probation requiring that he obey the "rules and directives of [his] custodian."

## CONCLUSION

John's adjudication and disposition are affirmed.

WEISBERG and GRANT, JJ., concur.