993 P.2d 1147

**In re JUAN A.**

**No. 1 CA–JV 98–0253.**

Court of Appeals of Arizona, Division 1, Department E.

Jan. 20, 2000.

Richard Romley, Maricopa County Attorney by Patricia A. Nigro, Deputy County Attorney, Phoenix, Attorneys for Appellee.

Dean Trebesch, Maricopa County Public Defender by Suzanne Weschler Sanchez, Mesa, Attorneys for Appellant.

## OPINION

NOYES, Judge.

¶ 1 Initially, the State charged Juvenile with violating Arizona Revised Statutes Annotated ("A.R.S.") section 15–803(B) (Supp. 1998), which provides that "[a] child who is habitually truant as defined in this section may be adjudicated an incorrigible child as defined in § 8–201." Juvenile admitted this charge to a probation officer who was sitting as a hearing officer pursuant to A.R.S. section 8–323 (Supp.1999). The hearing officer adjudicated Juvenile incorrigible and ordered him to attend school, perform community service, and submit proof of compliance with those orders by a date certain.

¶ 2 When Juvenile did not submit proof of compliance with those orders by the date certain, the hearing officer, with no notice to Juvenile, instructed the Department of Motor Vehicles, pursuant to A.R.S. section 8–323(D), to suspend Juvenile's driving privileges until he turned eighteen or complied with the hearing officer's orders. Additionally, the State filed a delinquency petition alleging that Juvenile "knowingly disobeyed or resisted a lawful order, process or other mandate of the Maricopa County Juvenile Court, in violation of A.R.S. §§ 13–2810, 13–2801, 13–707, 13–802, and 13–812(B)." This class 1 misdemeanor is commonly referred to as "interfering with court proceedings." The factual basis for this charge was Juvenile's failure to submit proof of compliance with the incorrigibility case orders regarding school attendance and community service.

¶ 3 The delinquency petition was heard by a juvenile court judge. The hearing officer was present as the State's witness. After a few preliminary questions, the State asked the hearing officer whether Juvenile ever submitted proof of compliance with the orders regarding school attendance and community service. After the hearing officer said, "No, he did not," the State rested. On cross-examination, the hearing officer admitted that the only advice of rights he gave Juvenile prior to accepting his admission to the truancy charge was that he would be giving up his right to trial and his right to appeal and could be fined up to $150.

¶ 4 The trial court adjudicated Juvenile delinquent as charged and placed him on probation, with special terms regarding community service, curfew, and attendance in the Detention Prevention Program. This appeal followed. We have jurisdiction pursuant to A.R.S. section 8–235 (Supp.1999) and Arizona Rule of Procedure for the Juvenile Court 24.

¶ 5 The potential issues in this appeal are so numerous that counsel have had trouble focusing the analysis, and so have we. Ordinarily, a defendant has notice and a hearing before being sanctioned, but that did not happen here regarding the suspension of driving privileges. Ordinarily, when a defendant fails to comply with a "go to school" or other rehabilitative order, the State does not file a more serious charge and turn the judge who issued the order into a witness in a higher court, but that happened here. Ordinarily, we would not be concerned about an incorrigibility case when reviewing a delinquency case, but we have those concerns here, where one case was the predicate for the other, and the record on appeal shows a high probability that substantial procedural defects existed in the predicate case.

¶ 6 Juvenile's opening brief argued that the truancy statute was unconstitutional, the admission to that charge was involuntary, the driving privilege suspension was without notice, the delinquency petition was double punishment, and a truant cannot be adjudicated delinquent. We asked for and received supplemental briefing on several other issues. We now narrow the focus onto what we regard as the proper disposition of the appeal.

■■■ ¶ 7 Because the delinquency case is the only one on appeal, we cannot decide the merits of Juvenile's collateral attacks on the incorrigibility case. That adjudication, disposition, and sanction could have been appealed from but were not. See A.R.S. § 8–235; Maricopa County Juv. Action No. JV–508488, 185 Ariz. 295, 297–98, 915 P.2d 1250, 1252–53 (1996) (appealing revocation of probation imposed following adjudication of incorrigibility on ground of habitual truancy). It is undisputed, however, that the delinquency case was based on the incorrigibility case, and that the hearing officer testimony that proved the delinquency charge also proved that Juvenile received inadequate advice of rights and notice of potential consequences in the incorrigibility case. Prior to accepting a juvenile's admission, the court must advise the juvenile of his rights, give notice of potential consequences, and obtain a waiver that is knowingly, intelligently, and voluntarily given on the record. See Maricopa County Juv. Action No. J–86715, 122 Ariz. 300, 302–03, 594 P.2d 554, 556–57 (App.1979).

■■■ ¶ 8 We conclude from the present record that meritorious procedural challenges exist to the incorrigibility adjudication, disposition, and sanction. Although we reject Juvenile's efforts to have those issues resolved in this appeal, we conclude that this record reflects arguable grounds for relief pursuant to Arizona Rule of Procedure for the Juvenile Court 29(b), which provides that the court may allow a delayed appeal "where the failure to timely file was the result of excusable neglect." On this record, Juvenile's neglect in failing to file an appeal in the incorrigibility case is arguably excusable. He had no reason to challenge the inadequate advice of rights and inadequate notice of potential consequences in that case until the hearing officer suspended his driving privileges without notice and the State charged him with delinquency.

¶ 9 We also note that remedies existed in the incorrigibility case to compel Juvenile's compliance with the hearing officer's orders. The hearing officer system is created and defined by A.R.S. section 8–323, which sets forth a comprehensive scheme of delegated judicial authority, procedures, and powers.[1]

1. The hearing officer statute provides as follows, with emphasis added to the sections most relevant to this appeal:

§ 8–323. Juvenile hearing officer; appointment; term; compensation; hearings

A. The judge of the juvenile court, or in counties having more than one judge of the juvenile court, the presiding judge of the juvenile court, may appoint one or more persons of suitable experience who may be magistrates or justices of the peace to serve as juvenile hearing officers on a full-time or part-time basis. The county board of supervisors shall approve the appointment of justices of the peace as juvenile hearing officers. The local governing body shall approve the appointment of municipal judges as juvenile hearing officers. The juvenile hearing officer serves at the pleasure of the appointing judge. The appointing judge, with the approval of the board of supervisors, shall determine whether any compensation shall be paid to a juvenile hearing officer who is not otherwise employed by a public agency or holding another public office and shall establish the amounts and rates of the compensation.

B. Subject to the orders of the juvenile court a juvenile hearing officer may hear and determine juvenile pretrial detention hearings and may process, adjudicate and dispose of all cases which are not classified as felonies and in which a juvenile under eighteen years of age on the date of the alleged offense is charged with violating any law relating to the following:
1. Any provision of title 28 not declared to be a felony.
2. The purchase, possession or consumption of spirituous liquor by a juvenile.
3. Boating or game and fish.
4. Curfew.
5. **Truancy.**
6. The damage or disfigurement of property by graffiti or the purchase or possession of materials with the intent to use the materials for graffiti.
7. The purchase or possession of tobacco.
8. Any city, town or political subdivision ordinance.
9. **Interference with judicial proceedings involving disobeying or resisting the lawful order, process or other mandate of a juvenile hearing officer or failure to appear related to any offense in this section.**

**C.** A hearing before the juvenile hearing officer or a hearing before a commissioner or a judge of the juvenile court in which the juvenile is charged with any offense set forth in this section may be conducted upon an exact legible copy of a written notice to appear, including a uniform Arizona traffic ticket and complaint form, that states, at a minimum, the name and address of the juvenile, the offense charged and the time and place the juvenile shall appear in court.

**D.** The juvenile hearing officer, commissioner or judge of the superior court shall not dispose of a petition or citation for any offense under this section unless the parent, guardian or custodian of the juvenile appears in court with the juvenile at the time of disposition of the charge. The court may waive the requirement that the parent, guardian or custodian appear for good cause. If the appearance is waived, the court shall send written notice to the parent, guardian or custodian, if known, of the charge and the disposition of the charge. **If the juvenile fails to appear pursuant to a citation or an order to appear properly issued under this section or if on disposition fails to comply with any court order, the juvenile hearing officer may refer the matter to the juvenile court for appropriate action and may order the department of transportation to suspend the juvenile's driver license or privilege to drive** or may direct the department of transportation to refuse to issue, renew or restore the juvenile's driver license or privilege to drive until the juvenile reaches eighteen years of age or appears in court as directed or complies with the court's order.

**E.** Except as otherwise provided by law, upon an admission by the juvenile of a violation charged pursuant to this section, or after a hearing, upon the finding that the juvenile committed the violation, the juvenile hearing officer, commissioner or judge of the superior court may do one or more of the following:

1. Place the juvenile on probation, except that a city magistrate or justice of the peace may only place the juvenile on unsupervised probation.

2. Transfer the citation to the juvenile court for all further proceedings.

3. Suspend the driving privileges of the juvenile, or restrict such driving privileges for a period of not to exceed one hundred eighty days.

4. Order the juvenile to attend a traffic school or a counseling or education program approved by the presiding judge of the juvenile court or the supreme court.

5. Order the juvenile to pay the monetary assessment or penalty that is applicable to the offense. The monetary assessment or penalty shall not exceed five hundred dollars plus lawful surcharges and assessments payable to the public agency processing the violation. If no monetary assessment or penalty is specified for the offense, the juvenile hearing officer, commissioner or judge of the superior court may order the juvenile to pay not more than one hundred fifty dollars plus lawful surcharges and assessments payable to the public agency processing the violation.

6. In lieu of or in addition to a monetary assessment or penalty, order the juvenile to perform a program of work, which does not conflict with the juvenile's regular schooling and employment, to repair the victim's property or to provide community service.

7. If the juvenile hearing officer, commissioner or judge of the superior court determines that the person charged is eighteen or more years of age, transfer the matter to the appropriate criminal court having jurisdiction.

8. If the juvenile violated any truancy laws, require the juvenile and the juvenile's parents or guardians to participate in a specialized program consisting of counseling, supervision and education under the terms and conditions the juvenile hearing officer, commissioner or judge of the superior court orders.

9. Order the juvenile and one or both of the juvenile's custodial parents to pay restitution to any person who suffered an economic loss as the result of the juvenile's conduct. The juvenile hearing officer, commissioner or judge of the superior court shall not consider the ability of the juvenile's parents to pay restitution before making a restitution order. If the juvenile hearing officer, commissioner or judge of the superior court orders one or both of the juvenile's custodial parents to pay restitution, the amount of the order shall not exceed the liability limit established pursuant to § 12–661.

10. Impose sanctions authorized by § 8–343.

11. Reprimand the juvenile and take no further action.

**F.** A record of the proceedings before a juvenile hearing officer may be made by a court reporter, videotape or audiotape or any other method approved by the supreme court that accurately reproduces what occurred at the proceeding.

**G.** **The juvenile hearing officer shall retain jurisdiction of the case until all orders made under this section have been fully complied with.** The juvenile hearing officer shall immediately transmit a copy of the citation with the findings and disposition of the court noted on the copy to the juvenile court for record keeping purposes. If appropriate, the juvenile hearing officer shall transmit a copy of the citation to the department of transportation. **If on disposition the juvenile fails to comply with any court order, the juvenile hearing officer, in the manner provided by subsection D of this section, may impose any of the sanctions prescribed in subsection E of this section.**

**H.** Subject to an appeal pursuant to § 8–325 all orders of the juvenile hearing officer shall be effective immediately.

**I.** A city or town attorney or prosecutor shall act on behalf of the state in matters that are heard in a municipal court by a juvenile hearing officer pursuant to this section. In these matters and on approval of the presiding judge of the juvenile court and the county attorney, the city or town attorney or the prosecutor may establish diversion programs for offenses other than offenses involving a violation of § 28–1381, 28–1382, or 28–1383.
(Footnote omitted.)

The clear intent of section 8–323 is that a hearing officer handle the case until it is concluded, appealed, or referred to juvenile court by the hearing officer. For example, section 8–323(B)(9) provides that a hearing officer may hear any case relating to "[i]nterference with judicial proceedings involving disobeying or resisting the lawful order, process or other mandate of a juvenile hearing officer or failure to appear related to any offense in this section." Section 8–323(G) provides,

> The juvenile hearing officer shall retain jurisdiction of the case until all orders made under this section have been fully complied with.... If on disposition the juvenile fails to comply with any court order, the juvenile hearing officer, in the manner provided by subsection D of this section, may impose any of the sanctions prescribed in subsection E of this section.

¶ 10 The legislature also made provision for situations in which the hearing officer decides to refer the case to an authority with more power than that delegated to the hearing officer. Section 8–323(D) provides that, "if on disposition [the juvenile] fails to comply with any court order, the juvenile hearing officer may refer the matter to the juvenile court for appropriate action...." The record on appeal does not reflect whether the delinquency petition in this case followed a hearing officer's referral of the incorrigibility case, and the issues on appeal do not require us to decide whether the "appropriate action"

referred to in section 8–323(D) includes charging the juvenile with delinquency for failing to comply with incorrigibility case orders.

¶ 11 This appeal is suspended for sixty days, and the matter is remanded with directions to allow Juvenile a reasonable time in which to seek a delayed appeal in the incorrigibility case. Any such appeal would be pursuant to A.R.S. section 8–325 (1999), which provides that orders of a hearing officer may be appealed to the juvenile court. If proceedings on remand result in the predicate for the delinquency charge being set aside, the juvenile court can issue appropriate orders in the delinquency case and Juvenile can move to dismiss this appeal. If proceedings on remand result in reaffirmation of the delinquency adjudication, Juvenile can file a timely appeal in this court, move for consolidation with the present appeal, and request that all issues in both appeals be decided by this court based on the consolidated record.

CONCURRING: NOEL FIDEL, Presiding Judge, and SHELDON H. WEISBERG, Judge.