NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

IN RE SKYLER H.

No. 1 CA-JV 14-0258

FILED 4-28-2015

Appeal from the Superior Court in Mohave County
No. L8015JV2014-07044
The Honorable Richard D. Lambert, Judge

**AFFIRMED**

COUNSEL

Christian C. Ackerley, Attorney at Law, Phoenix
By Christian C. Ackerley
*Counsel for Appellant*

Mohave County Attorney's Office, Kingman
By Melissa M. Barry
*Counsel for Appellee*

**MEMORANDUM DECISION**

Chief Judge Diane M. Johnsen delivered the decision of the Court, in which
Presiding Judge John C. Gemmill and Judge Donn Kessler joined.

**J O H N S E N**, Judge:

¶1 Skyler H. appeals the superior court's order denying his motion to withdraw from a disposition agreement. For the following reasons, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2 The State filed a delinquency petition charging Skyler with disorderly conduct by domestic violence, a Class 1 misdemeanor (Count 1); criminal damage by domestic violence, a Class 1 misdemeanor (Count 2); and preventing use of a telephone in an emergency by domestic violence, a Class 2 misdemeanor (Count 3).

¶3 Skyler, 15, was represented by counsel at his adjudication hearing. His counsel presented to the court a disposition agreement in which Skyler agreed to admit to Count 1 on the condition Counts 2 and 3 be dismissed. The court verified that Skyler read and understood English and confirmed Skyler had not taken any drugs or alcohol before the hearing. It also ensured that Skyler had a copy of the agreement to review as the court discussed it.

¶4 Skyler told the court he had read and signed the agreement and that it contained everything he expected. The court explained the terms of the agreement and asked Skyler, "Is that your understanding of the disposition agreement?" to which he responded, "Yes." Skyler confirmed he had heard his constitutional rights but wished to waive those rights. He assured the court that nobody had forced, threatened or made any promises to get him to sign the agreement.

¶5 After waiving his rights, Skyler admitted to Count 1. He also provided a factual basis, explaining that when his grandmother refused to let him hang out with friends, "I got mad and punched a door and threw some stuff on the ground and yelled at her." The court found Skyler had "knowingly, intelligently, and voluntarily entered into the disposition agreement." It entered the "plea of record" and adjudicated Skyler delinquent.

¶6 Two weeks later, Skyler moved to withdraw from the disposition agreement. According to the motion, filed through counsel, Skyler "did not know that taking the agreement was against the wishes of his grandmother" and "believed he would get into more trouble if he did not sign the agreement." The motion also asserted that Skyler did not understand the contents of the agreement or the effect of not signing it. The

motion was accompanied by no supporting affidavit or other manner of evidence. The court denied the motion, reasoning Skyler made his admission knowingly, intelligently and voluntarily, and provided a factual basis to support the adjudication.

¶7　　　　Skyler timely appealed. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and Arizona Revised Statutes section 8-235(A) (2015).[1]

## DISCUSSION

¶8　　　　Skyler argues the court violated his right to due process by denying his motion to withdraw from the disposition agreement.[2] We review the denial for an abuse of discretion. *See In re Niky R.*, 203 Ariz. 387, 390, ¶ 10 (App. 2002).

¶9　　　　The Due Process Clause applies in juvenile delinquency proceedings. *See In re Gault*, 387 U.S. 1, 30-31 (1967); *Pinal County Juv. Action No. J-985*, 155 Ariz. 249, 250 (App. 1987). To satisfy due process, "the entry of an admission by a juvenile must comply with the requirements of [*Boykin v. Alabama*, 395 U.S. 238 (1969)]." *Maricopa County Juv. Action No. J-86715*, 122 Ariz. 300, 303 (1979). "*Boykin* requires that there be an affirmative showing on the record that the plea was intelligent and voluntary." *Id.* at 302. In particular, "the record must disclose that the juvenile was aware of his right against self-incrimination, the right to confront accusers, the right to a trial in the form of an adjudication proceeding, and the potential commitment to the Department of Corrections until age 18." *Maricopa County Juv. Action No. J-90110*, 127 Ariz. 389, 393 (App. 1980). Another requirement of due process is a factual basis to support the juvenile's admission. *Id*.

¶10　　　　The record demonstrates Skyler heard the constitutional rights he was waiving, knew of the consequences of his admission and was not threatened or coerced into entering the disposition agreement. Skyler waived his rights and admitted to committing disorderly conduct by domestic violence. He also provided a factual basis supporting his

---

[1]　　　Absent material revision after the date of the events at issue, we cite a statute's current version.

[2]　　　Following the denial of Skyler's motion, the court placed Skyler on standard probation for a period of one year. Skyler does not challenge that disposition on appeal.

admission. Accordingly, the court did not abuse its discretion in finding Skyler's admission was intelligent and voluntary.

¶11　　　　Skyler concedes that at the adjudication hearing, the superior court "observed the procedures required before a juvenile may be allowed to enter into a disposition agreement." He insists, however, that notwithstanding the requirements of *Boykin* were satisfied, the court violated his right to due process because it did not seek the opinion or consent of his grandmother to the agreement. Skyler cites no rule or case authority, however, requiring the court to have done so. Skyler argues the court "did not ask [him] if he understood the Agreement, or if he had discussed the Agreement with his grandmother." But after explaining the terms of the agreement to Skyler, the court did ask Skyler whether he understood it.[3] And whether Skyler discussed the agreement with his grandmother is irrelevant for this purpose.

¶12　　　　Skyler contends the court "set [him] up to fail" his probation by alienating his grandmother from the process. He fails to cite any case law or rule to support this contention; moreover, the record does not support his assertion that the court alienated his grandmother. Finally, Skyler cites contract principles, suggesting that as a minor, he should be entitled to void the agreement. *See Coy v. Fields*, 200 Ariz. 442, 445, ¶ 9 (App. 2001) ("Plea agreements are contractual in nature and subject to contract interpretation."); *St. Paul Fire & Marine Ins. Co. v. Muniz*, 19 Ariz. App. 5, 7 (App. 1972) ("a contract entered into with a minor is voidable"). Skyler cites no authority, however, for the proposition that a minor is free to rescind a disposition agreement at any time. *Cf. In re Timothy M.*, 197 Ariz. 394, 399, ¶ 19 (App. 2000) ("[A] plea agreement in the juvenile system may be revoked at any time by any party *prior to its acceptance* by the court.") (emphasis added).

¶13　　　　Finally, assuming without deciding that Arizona Rule of Criminal Procedure 17.5 applies to juvenile admissions, for the reasons stated, Skyler failed to demonstrate any "manifest injustice" that might have allowed him to withdraw from the agreement. *See* Ariz. R. Crim. P. 17.5

---

[3]　　　Skyler does not explain what element or elements of the agreement he did not understand. He only argues that he signed the agreement because he thought he might get into more trouble if he did not. Concern about possible alternative outcomes doubtless motivates many a plea agreement; Skyler cites no authority for the proposition that it is a ground for undoing a plea.

("The court, in its discretion, may allow withdrawal of a plea of guilty or no contest when necessary to correct a manifest injustice.").

## CONCLUSION

**¶14** For the foregoing reasons, the superior court did not abuse its discretion when it denied Skyler's motion to withdraw from the disposition agreement. We affirm its order.



**Ruth A. Willingham** · Clerk of the Court
FILED: ama