NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

IN RE LUIS V.

No. 1 CA-JV 18-0485
FILED 5-2-2019

Appeal from the Superior Court in Maricopa County
No.  JV 601033
The Honorable David B. Gass, Judge

**AFFIRMED**

COUNSEL

Maricopa County Public Advocate's Office, Mesa
By Colleen Engineer
*Counsel for Appellant*

Maricopa County Attorney's Office, Phoenix
By Jeffrey R. Duvendack
*Counsel for Appellee*

---

**MEMORANDUM DECISION**

Judge Jennifer B. Campbell delivered the decision of the Court, in which Presiding Judge Paul J. McMurdie and Judge Randall M. Howe joined.

---

**C A M P B E L L,** Judge:

¶1        Luis V. appeals the superior court's order finding him in violation of his probation and the court's subsequent continuation of his probation. Because the superior court did not violate Luis's right to due process, we affirm.

## BACKGROUND

¶2        In May 2017, Luis pled guilty to one count of unlawful use of means of transportation and was adjudicated delinquent by the Santa Cruz County Superior Court. The court ordered a standard probation term of 12 months and transferred the case to Maricopa County. Luis signed a written copy of the conditions of his probation, which included requirements that he "tell [his] probation officer of any change of residence, address, and/or phone number" and to "not leave the County of Santa Cruz and/or the State of Arizona, without written permission" from his probation officer.

¶3        Some months later, the probation officer alleged that Luis had violated both conditions of his probation by failing to inform the probation department of his current address and phone number and by leaving the state without written permission. In April 2018, Luis admitted in a plea agreement to leaving the state and, following a disposition hearing, the court ordered the continuation of his probation. Luis signed another written copy of the conditions of his probation, which again included requirements to "tell [his] probation officer of any change of residence, address, and/or phone number" and not to leave "the County of Maricopa and/or the State of Arizona, without written permission from" his probation officer.

¶4        Two months later, the probation officer alleged that Luis had violated the same two conditions of his probation. Luis denied the allegations and the court held a hearing in October 2018. After hearing testimony from two juvenile probation officers and Luis, the court found the State proved by a preponderance of the evidence that Luis had violated both conditions of his probation.  At the disposition hearing, the court continued Luis's probation for a year. Luis appealed.

## DISCUSSION

**¶5**        We review juvenile delinquency adjudications for an abuse of discretion, *In Re Ryan A.*, 202 Ariz. 19, 23, ¶ 16 (App. 2002), and "will uphold a trial court's finding that a probationer has violated probation unless the finding is arbitrary or unsupported by any theory of evidence." *State v. Thomas*, 196 Ariz. 312, 313, ¶ 3 (App. 1999). We will not reweigh the evidence and we view it in the light most favorable to sustaining the adjudication. *In re Kyle M.*, 200 Ariz. 447, 448-49, ¶ 6 (App. 2001). Questions of law are reviewed de novo. *In re Amber S.*, 225 Ariz. 364, 367, ¶ 6 (App. 2010).

**¶6**        Luis argues he was deprived of due process under the Fourteenth Amendment because he was not provided with a Spanish interpreter to explain the conditions of his probation after his probation was continued in April 2018. Therefore, he argues, he had no meaningful notice of the conditions of his probation. *See In re Richard M.*, 196 Ariz. 84, 86-87, ¶ 11 (App. 1999) (holding that the juvenile court must exercise its jurisdiction in accordance with due process standards); *Matter of Maricopa Cty. Juv. Action No. J-86715*, 122 Ariz. 300, 302 (App. 1979) ("Since a delinquent child may be committed to a state institution, it is clear that in delinquency proceedings minimal due process guarantees must be afforded the juvenile."). Luis points to his testimony at the October 2018 adjudication hearing that he reads and speaks "[v]ery little" English. He testified that he is in English-as-a-second-language classes at school to learn English, could not read the document listing the terms of his probation "very well," and did not understand the document.

**¶7**        During the October 2018 hearing, the court also heard testimony from the probation officer who had served as the "probation officer . . . of the day" and had met with Luis following the April 2018 disposition hearing. She confirmed that she reviewed the conditions of probation with Luis, that his brother-in-law was also present, that he had no questions, and that he signed a copy of those conditions before he left the court that day. She also testified that when she meets with Spanish-speaking families and can tell that there is a language issue, she always asks if they need an interpreter, but that no interpreter was present during her meeting with Luis.

**¶8**        The record does not establish that Luis, his counsel, or his guardian ad litem asked for or indicated that he needed an interpreter before or during the meeting to review his probation conditions with the probation officer. Rather, the record indicates that Luis possessed at least

some understanding of English and had the opportunity to request an interpreter but did not do so. Therefore, the superior court did not abuse its discretion and did not deprive Luis of due process.

## CONCLUSION

¶9    For the foregoing reasons, we affirm.



AMY M. WOOD • Clerk of the Court
FILED:  AA

4