610 P.2d 64

**In re the Matter of PIMA COUNTY JUVENILE ACTION NO. 18635, Petitioner,**

v.

**Honorable Lillian S. FISHER, Judge of the Juvenile Court in and for the County of Pima; Arizona Department of Economic Security, Respondents.**

**No. H–795.**

Supreme Court of Arizona, In Banc.

April 29, 1980.

Gaila C. Davis, Tucson, for petitioner.

Robert K. Corbin, Atty. Gen., Phoenix, by John R. Evans, Asst. Atty. Gen., Tucson, for Arizona Dept. of Economic Security.

Stephen D. Neely, Pima County Atty., by Ronald M. Lehman and Paula Davidon, Deputy County Attys., Tucson, for Honorable Lillian S. Fisher, Judge of the Juvenile Court in and for the County of Pima.

HOLOHAN, Vice Chief Justice.

The minor child through her attorney seeks by a petition for Writ of Habeas Corpus to be returned to the custody of her former foster parents. We accepted jurisdiction.

Although habeas corpus is often used as a procedural device to bring child

custody matters before a court, *Smart v. Cantor*, 117 Ariz. 539, 574 P.2d 27 (1977), the circumstances presented by this petition are more properly considered for relief by special action. Irrespective of the label, this court will consider the case and grant appropriate relief. *Pickett v. Boykin*, 118 Ariz. 261, 576 P.2d 120 (1978).

The petitioner is a ward of the juvenile court whose care, custody and control was placed with the Department of Economic Security. The actual physical custody of petitioner for the last three years has been with Mr. and Mrs. Donald Kern, a licensed foster family. The Kerns recommended to the respondent judge that Mr. and Mrs. Lewis Burris, who reside in New Mexico, be allowed to adopt petitioner. The Burrises are longtime friends of the Kerns.

On December 27, 1979, the respondent judge held an informal conference to consider the physical placement of petitioner with the Burris family in New Mexico. Both the attorney for petitioner and the Department of Economic Security opposed the placement because there had not been an investigation and evaluation of the Burris family by any agency to determine their suitability or eligibility to adopt. The informal conference was followed by a hearing on January 24, 1980, to review petitioner's placement.

At the January 24 hearing the issue of the placement of petitioner with the Burrises was again considered. The respondent Department of Economic Security established that the State of New Mexico had not conducted an investigation of the Burris family; further New Mexico required that Arizona follow the procedure established in the Interstate Compact on the Placement of Children. A.R.S. § 8–548 et seq. Additionally, the respondent department maintained that consideration should be given to those Arizona families who had qualified to adopt children and who had been waiting for many months for a child to adopt.

Counsel for petitioner urged that the respondent court wait for a report from New Mexico before placing the child with the Burrises. Although a member of the staff of the juvenile court had interviewed the Burrises for about two hours, counsel for petitioner argued that investigation of the home setting in New Mexico was essential.

The respondent judge expressed dissatisfaction with the past efforts of the Department of Economic Security to proceed with an adoption, but the respondent judge ordered that petitioner continue under the control of the Department of Economic Security in the physical custody of the Kerns. A hearing date for completion of the parental termination was set for March 26. The mother of petitioner had relinquished her, but no relinquishment had been received from the father so termination of his relationship was being pursued pursuant to statute. A.R.S. § 8–531 et seq.

On March 3, 1980, the respondent judge, on her own motion and without notice, entered an order that the foster parents were authorized to release petitioner to the Burrises. The respondent noted in the order that she took this action based on "the evidence heard in open court and on the records admitted."

Petitioner and the Department of Economic Security contend that the respondent judge acted without jurisdiction or in abuse of her jurisdiction.

■ The Superior Court has exclusive original jurisdiction in all proceedings and matters affecting dependent and neglected children, but the powers of the judges to control such children are as provided by law. Ariz.Const. art. VI § 15. The statutes concerning dependent children limit the disposition and placement to those listed in A.R.S. § 8–241.

■ Respondent judge points out that A.R.S. § 8–241 F authorizes the juvenile court to permit the removal of a dependent child from this state by a person to whom the care of the child has been temporarily awarded. The order made in this case did not award the Burrises temporary custody. The order provided that the foster parents were permitted to release the child to the Burrises.

If we liberally construe the order of March 3 to be the award of temporary custody the respondent court did not make any provision for the return of the child to the jurisdiction of the court. The statute in this regard provides, " * * * may be temporarily awarded, upon such recognizance, with or without sureties, as may satisfy the court, obligating the person to produce the child when required by the court."

Finally, the March 3 order was in fact a violation of the provisions of Article III of the Interstate Compact on the Placement of Children. Subsection (a) of Article III forbids the sending of a child into another party state for placement or as a preliminary to a possible adoption unless the sending agency has complied with the requirements of the article. One of the requirements of the same Article III is that the receiving state, New Mexico, must notify the sending agency that the proposed placement does not appear to be contrary to the interests of the child. A.R.S. § 8–548, article III, subsection (d). The term sending agency is defined to include "a court of a party state." A.R.S. § 8–548, article II, subsection (b).

Whether the order of March 3 is construed to be the award of temporary custody or merely the extension of the authority of foster parents, it results in a violation of Article III of the Compact. The respondent court acted in excess of her jurisdiction. The order of March 3 is vacated and the respondent judge is directed to take all necessary and immediate measures to secure the return of petitioner to the physical custody of the foster parents.

Although the Department of Economic Security has raised additional issues concerning the propriety and legality of the respondent judge becoming involved in the process of finding adoptive parents and placing children with them, we do not find the issue to have been raised by the petition and we decline to allow respondent to enlarge the issues presented by the petition.

The mandate of this court granting the relief sought by petitioner shall issue forthwith.

STRUCKMEYER, C. J., and HAYS and GORDON, JJ., concur.

CAMERON, Justice, dissenting.

I dissent from that portion of the opinion which directs the trial judge to "take all necessary and immediate measures to secure the return of petitioner to the physical custody of the foster parents." This minor child was placed with the Burrises in New Mexico in December of 1979 and has been with them since that time. She is six years of age and, I assume, is presently in school.

There is nothing in our opinion which prevents the Juvenile Judge of Pima County, after a proper hearing, from placing this child again with the Burris family in New Mexico. I believe that it is insensitive to the child's well-being to withdraw her from school and from a family to whom she may have grown attached so that she can attend a hearing in Tucson. I agree that a hearing should be held as soon as possible, but the child need not be present at that hearing.

Whatever the error in placing the child with the Burrises, it should not be compounded by bringing her back to the custody of foster parents until such time as it appears that such action will be in the best interests of the child. This court should not be in the position of punishing the child for the errors of the trial judge.