· 816 P.2d 944

**In the Matter of the Appeal in GILA COUNTY JUVENILE ACTION NO. DEL–6325, Petitioner,**

**v.**

**The Honorable Robert DUBER II, a Judge for the Superior Court of the State of Arizona, County of Gila, Respondent,**

**and**

**The STATE of Arizona, Real Party in Interest.**

**No. 2 CA–SA 91–0087.**

Court of Appeals of Arizona, Division 2, Department B.

Aug. 27, 1991.

James H. Dawdy, Jr., Casa Grande, for petitioner.

Joe Albo, Jr., Gila, County Atty. by Candyce B. Pardee, Globe, for respondent.

### OPINION

ROLL, Presiding Judge.

In this special action, petitioner, a minor, challenges the order of the respondent juvenile court imposing weekend detention as punishment for incorrigibility. For the reasons set forth below, we accept jurisdiction and grant relief.

### FACTS

At the conclusion of a hearing, the minor was adjudicated incorrigible. The minor has never been charged with the commission of a delinquent act. The minor's acts which were the basis for the court's finding of incorrigibility included verbal abuse of his mother, associating with an undesirable peer, staying out all night, and pushing his mother.[1] A disposition hearing was held and, despite the recommendation of the juvenile probation department that the minor be placed on probation for six months, the court ordered that the minor be placed on probation for four years and serve ten

---

1. A.R.S. § 8–201(13) defines incorrigible child as follows:

"Incorrigible child" means a child adjudicated as one who refuses to obey the reason-

days' detention.[2] We granted a stay of the order pending the outcome of this special action.

## ISSUE PRESENTED

The issue raised in this special action is whether a term of confinement may be imposed as punishment for incorrigibility.

## DISCUSSION

Whether a period of confinement can be imposed for incorrigibility is a question of law, reviewed *de novo*. *Lee Development Co. v. Papp*, 166 Ariz. 471, 476, 803 P.2d 464, 469 (App.1990). In making its disposition of children, a juvenile court is limited to the options provided by law. *Pima County Juvenile Action No. 18635 v. Fisher*, 125 Ariz. 430, 610 P.2d 64 (1980); *Pinal County Juvenile Action Nos. J–1123 and J–1124*, 147 Ariz. 302, 709 P.2d 1361 (App. 1985); *Maricopa County Juvenile Action No. J–92130*, 139 Ariz. 170, 677 P.2d 943 (App.1984). The legislature has specifically set forth the options available to a juvenile court judge after finding a minor incorrigible. A.R.S. § 8–241(A)(3) provides as follows:

3. [The court] may award an incorrigible child:

(a) To the care of his parents, subject to the supervision of a probation department.

(b) To the protective supervision of a probation department, subject to such conditions as the court may impose.

(c) To a reputable citizen of good moral character, subject to the supervision of a probation department.

(d) To a public or private agency, subject to the supervision of a probation department.

(e) To maternal or paternal relatives, subject to the supervision of a probation department.

Incarceration is not a dispositional alternative for incorrigibility. This is in contrast to the dispositional options for delinquency, which include commitment to the state department of juvenile corrections. A.R.S. § 8–241(A)(2)(e). The state concedes in its response that the statute "would seem" to evidence a legislative intent that incorrigible children be treated differently than delinquent children. We do not find persuasive the state's suggestion that merely because the juvenile court's order allows the minor's mother to request that the minor's detention be waived, it was permissible for the court to order the child's confinement.

The state also suggests that because A.R.S. § 8–241(A)(3)(b) provides that the court may place an incorrigible child on probation "subject to such conditions as the court may impose," confinement in a county detention center is "permissible." As support for this argument, the state relies upon *Pickett v. Boykin*, 118 Ariz. 261, 576 P.2d 120 (1978), in which our supreme court stated that when incarceration is required as a condition of probation it is not a sentence of confinement. *Pickett*, however, involved a challenge to the trial court's imposition of the full period of incarceration as a condition of probation. There, no issue existed as to whether the trial court had the power to impose any period of confinement. *Pickett* does not give the court the element which is otherwise lacking—the power to sentence an incorrigible juvenile to confinement despite the absence of statutory authorization.

## CONCLUSION

The juvenile court was without jurisdiction to impose a period of detention as

---

able and proper orders or directions of his parent, guardian or custodian, and who is beyond the control of such person, or any child who is habitually truant from school, or who is a runaway from his home or parent, guardian or custodian, or who habitually so deports himself as to injure or endanger the morals or health of himself or others, or who commits any act constituting an offense which can only be committed by a minor, or who violates § 4–244, paragraph 9, or who

fails to obey any lawful order of the juvenile court given in a noncriminal action.

2. As to detention, the court's order states:

Juvenile is to report to the Detention Home every weekend from 9:00 a.m. Saturday to 6:00 p.m. Sunday, beginning June 28, 1991, to July 28, 1991, provided that time was not waived at his mother's request.

punishment for incorrigibility. Accordingly, that portion of the order imposing detention is vacated.

FERNANDEZ and HOWARD, JJ., concur.