OPINION
 

 NOYES, Judge.
 

 The issue in this special action is whether the superior court has authority to order the detention of an incorrigible child pending a disposition hearing. Although the 15-year-old Petitioner is no longer detained, we accept jurisdiction because the issue raised has “substantial importance and will continuously affect a large number of juveniles.”
 
 JV-111701 v. Superior Ct.,
 
 163 Ariz. 147, 149, 786 P.2d 998, 1000 (App.1989). We conclude that the superior court has authority to order predisposition detention of an incorrigible child.
 

 Facts
 

 On November 30, 1993, Petitioner was adjudicated an incorrigible child. Released to home detention pending disposition, he promptly ran away from home. At the disposition hearing on December 15, the court ordered that Petitioner be made a ward of the court and placed on probation under the protective supervision of a juvenile probation officer and in the physical custody of his parents. On January 11, 1994, the State filed a petition to revoke probation. The probation officer reported that Petitioner had run away from home several times since being placed on probation, and that he had twice tested positive for use of marijuana and once tested positive for use of methamphetamine. Petitioner’s mother reported that he was also sniffing paint. The State requested, and the court issued, a warrant to take Petitioner into custody.
 

 On January 26, 1994, Petitioner was located and brought to court on the warrant. At that time, Petitioner, with the advice of counsel, admitted to the court that he had run away as alleged in Count I of the petition. In return for this admission, the State dismissed the allegations that Petitioner had used illegal drugs.
 

 The court asked for recommendations on what to do with Petitioner pending disposition. The probation officer recommended detention, stating that Petitioner “doesn’t have any direction right now, he’s not going to school, doesn’t have a job, isn’t going to do work hours, he has a drug problem ... he’s really acting out in ways that are very harmful to himself.” Petitioner’s mother had no solution, stating that her son “doesn’t want to', listen to me, doesn’t want to go to school, and! he doesn’t do anything I want him to do, why) should I have him?” The State recommended detention. Petitioner’s attorney argued for release, asserting that the court could not detain an incorrigible child.
 

 After considering all information presented, the court found that “the child’s best interest requires necessary protection---
 
 *213
 
 This Court believes that if the child is released, he presents a serious danger to himself and, therefore, should be detained pending Disposition.” Disposition was set for twenty-three days away, February 18, 1994. Petitioner filed this special action.
 

 Detention and Rule 3(d)
 

 In the context of juvenile court, the word “detention” is defined to mean “the temporary care of a child who requires secure custody in physically restricting facilities for the protection of the child or the community pending court disposition.” A.R.S. section 8-201(12) (Supp.1993)
 

 Petitioner’s argument that there is no authority to detain him is based on a literal reading of Rule 3(d), Arizona Rules of Procedure for the Juvenile Court (“Rule”), which provides:
 

 No child shall be held in detention for more than 24 hours unless a petition alleging his or her delinquent conduct has been filed; and no child shall be held longer than 24 hours after the filing of said petition unless so ordered by the court after hearing.
 

 Petitioner argues that he is incorrigible, not delinquent, and because there is no mention of the word “incorrigible” in Rule 3, the court had no authority to detain him for more than 24 hours unless the state filed a petition alleging Ms delinquent conduct, wMch it did not do.
 
 [1]
 
 The State argues that “delinquent conduct” in Rule 3 includes both criminal and incorrigible conduct and, therefore, the court has authority to detain an incorrigible child.
 

 We find that Petitioner has made a legitimate argument based on a drafting ambiguity in Rule 3, but we conclude that the ambiguity should be resolved by interpreting the Rule 3 reference to “delinquent conduct” as meamng “delinquent or incorrigible conduct.” In reviewing the juvenile law and rules applicable to tMs question, we find that the legislature uses “delinquency” to describe one Mnd of conduct and “incorrigibility” to describe another kind of conduct, but the supreme court, in the Rules of Procedure for the Juvenile Court, uses “delinquency” to include both delinquent and incorrigible conduct.
 

 Article 6, Section 15 of the Arizona Constitution confers on the superior court exclusive jurisdiction “in all proceedings and matters affecting dependent, neglected,
 
 incorrigible or delinquent
 
 children, or children accused of crime, under the age of eighteen years.” (Emphasis supplied.) In the statute that regulates detention of juveniles, A.R.S. section 8-226, the legislature repeats the Constitution’s distinction between incorrigible and delinquent (and dependent) children:
 

 A. The board of supervisors shall maintain a detention center separate and apart from a jail or lockup in wMch adults are confined where children alleged to be
 
 delinquent or incorrigible
 
 and within the provisions of tMs article shall, when necessary before or after a hearing, be detained.
 

 B. A child, pending a hearing, shall not be placed in an apartment, cell or place of confinement with adults charged with or convicted of a crime, except that:
 

 1. A child alleged to be
 
 delinquent
 
 may be securely detained in such location for up to six hours____
 

 C. A child alleged to be
 
 dependent or incorrigible
 
 shall not be securely detained in a jail or lockup in wMch adults charged with or convicted of a crime are detained____
 

 (Emphasis supplied.)
 

 In contrast, when the supreme court enacted the Rules of Procedure for the Juvenile Court it included no section on Incorrigibility, although it did include sections on Delin
 
 *214
 
 queney (Rules 2-14), Dependency (Rules 15-16), General Provisions (Rules 17-23), and Appeals (Rules 24-29). There is also no mention of incorrigibility in Rule 1, which sets forth the applicability of the Juvenile Rules, as follows: “These rules govern the procedure for all matters in the juvenile court, including without limitation, delinquency, neglect, dependency, adoption and termination of parent-child relationships.” Reading Rule 1 as literally as Petitioner reads Rule 3 would call for the conclusion that the Juvenile Rules are inapplicable to matters involving incorrigible children. But this literal conclusion is not the proper conclusion, even though neither Rule 1 nor Rule 3 contains the word “incorrigible.”
 

 We can see from other Juvenile Rules that the word “delinquency” in Rule 1 is intended to include incorrigibility, and that the term “delinquent conduct” in Rule 3 is intended to include incorrigible conduct. For example, Juvenile Rule 18(1) provides: “The burdens of proof in juvenile proceedings shall be: (1) Beyond a reasonable doubt, as to
 
 delinquency matters involving criminal offenses and incorrigibility.”
 
 (Emphasis supplied.) Another example is Juvenile Rule 6.1(f)(1), which provides: “A disposition hearing shall be held for a detained child no later than thirty (30) days after the adjudication of
 
 delinquency or incorrigibility.”
 
 (Emphasis supplied.)
 

 Rule 6.1(f)(1) expressly contemplates predisposition detention of incorrigible children, and Rule 18(1) expressly refers to “delinquency matters” as those involving “criminal offenses and incorrigibility.” We conclude that Rule 3(d) should be interpreted consistently with Rules 6 and 18 and, therefore, that the words “delinquent conduct” in Rule 3(d) include both delinquent conduct and incorrigible conduct.
 
 See State ex rel. Larson v. Farley,
 
 106 Ariz. 119, 122, 471 P.2d 731, 734 (1970) (“If reasonably practical, a statute should be explained in conjunction with other statutes to the end that they may be harmonious and consistent.”).
 

 Post-Disposition Detention Distinguished
 

 Petitioner argues that this case is controlled by
 
 Gila County Juvenile Action No. DEL-6325 v. Duber,
 
 169 Ariz. 47, 48, 816 P.2d 944, 945 (App.1991), which held that the court cannot impose a period of detention as punishment following an adjudication of incorrigibility. We distinguish
 
 Duber
 
 because it applies to post-disposition detention, not to pre-disposition detention.
 
 Duber
 
 based its holding on the difference between the statute governing disposition of delinquent children and the statute governing disposition of incorrigible children. A.R.S. section 8-241(A)(2), which sets forth disposition options available to the court on adjudication of delinquency, provides that the court may award a delinquent child to “the department of youth treatment and rehabilitation without further directions as to placement by that department.” There is no comparable provision in AR.S. section 8-241(A)(3), which sets forth disposition options available to the court on adjudication of incorrigibility.
 
 [2]
 

 Petitioner relies on
 
 Duber
 
 for a due process argument that the legislature, by “adopting a scheme specifically for delinquents, and not adopting the same language for [incorrigibles],” created a “liberty expectation” that incorrigible children would not be detained. This argument is mooted for the same reasons that
 
 Duber
 
 is distinguished; the statutes on which both are based apply to post-disposition detention, not to pre-disposition detention.
 

 Petitioner asks: “If a non-delinquent is not permitted to be detained ... after disposition, what legal basis permits detention ... before disposition?” The answer is found in Rule 3(d), which, as we have explained, provides for detention of both delinquents and incorrigibles, and the answer is also found in AR.S. section 8-226(A), quoted above, which provides for detention of both delinquent and incorrigible children “when necessary before or after a hearing.”
 

 
 *215
 
 Treatment issues distinguished
 

 We have not addressed any treatment issues, social issues, or other arguments concerning the difference between delinquent children and incorrigible children. Although Petitioner’s brief provides much discussion about the foregoing issues, the legal issue raised in this special action is not the means by which to improve either the peer group or the treatment services available to detained incorrigible children.
 

 Petitioner’s concerns for the welfare of incorrigible children have not gone unnoticed in Arizona. In June 1998, Chief Justice Feldman formed the Commission on Juvenile Justice to study the problems in the juvenile justice system and to develop recommendations for making that system more responsive to the needs of Arizona’s youth, families, and communities. One of the specific comments by the Commission was on the need to develop alternatives to detention for incorrigible children, providing a continuum of effective treatment services for these children and reserving detention for those who pose a serious threat to public safety.
 

 Although the court has authority to detain incorrigible children with delinquent children, there are many limitations and safeguards regarding that authority. For example, Juvenile Rule 3(b) provides:
 

 A child shall be detained only if there is probable cause to believe that the child committed the acts alleged in the petition, and there is reasonable cause to believe: (1) That otherwise he will not be present at any hearing; or (2) That he is likely to commit an offense injurious to himself or others; or (3) That he must be held for another jurisdiction; or (4) That the interests of the child or the public require custodial protection.
 

 Any detention pending a disposition hearing is limited to thirty days.
 
 See
 
 Juvenile Rule 6.1(f). Although delinquent children and incorrigible children can be detained in the same facility, any child who^endangers or poses a risk of endangering another must be separated from the other children.
 
 See
 
 A.R.S. § 8-226(D) (Supp.1993).
 

 Conclusion
 

 The superior court has the authority to order detention of incorrigible children. The court did not err in its exercise of that authority in this case. Petitioner’s request for relief is denied.
 

 JACOBSON, P.J., and FIDEL, J., concur.
 

 [1]
 

 . A.R.S. sections 8-201(6), (9), and (10) (Supp. 1993) define a delinquent child as a person under eighteen years of age adjudicated to have committed an act which would be a criminal offense if committed by an adult.
 

 A.R.S. section 8-201(13) (Supp.1993) defines an incorrigible child, in part, as one:
 

 [W]ho refuses to obey the reasonable and proper orders or directions of his parent ..., and who is beyond the control of such person, or any child who is habitually truant from school, or who is a runaway from his home ..., or who habitually so deports himself as to injure or endanger the morals or health of himself or others, or who commits any act constituting an offense which can only be committed by a minor ..., or who fails to obey any lawful order of the juvenile court given in a noncriminal action.
 

 [2]
 

 . Also, A.R.S. § 8-244(A) (Supp.1993) provides: "A child under the age of eight years shall not be committed to the department of youth treatment and rehabilitation nor shall a dependent or incorrigible child be awarded to the department of youth treatment and rehabilitation.”