40 P.3d 1249

James J. HAAS, Maricopa County
Public Defender, Petitioner,

v.

The Honorable Robert A. COLOSI, Com-
missioner of the Superior Court of the
State of Arizona, in and for the County
of Maricopa, The Honorable Rebecca A.
Albrecht, Judge of the Superior Court of
the State of Arizona, in and for the
County of Maricopa, Respondents,

and

State of Arizona, Real Party in Interest.

Nos. 1 CA–SA 01–0160, 1 CA–SA
01–0163, 1 CA SA–01–0165.

Court of Appeals of Arizona,
Division 1, Department B.

Feb. 28, 2002.

Review Denied June 25, 2002.

## OPINION

GEMMILL, Judge.

¶ 1 In these consolidated special actions, the Maricopa County Public Defender seeks relief from the juvenile court's denials of his motions to withdraw as counsel for three juveniles charged with incorrigibility offenses. The public defender argues that the legislature intended that only indigent juveniles charged with offenses "that may result in detention" are entitled to representation by his office. Assuming that juveniles charged with incorrigibility offenses cannot be detained, the public defender asserts that there is no statutory authority for the juvenile court to appoint him to represent such juveniles. This court previously issued an order accepting jurisdiction, denying relief and indicating that this opinion would follow. For the following reasons, we hold that the juvenile court may appoint the public defender to represent indigent juveniles charged with incorrigibility offenses.

### Special Action Jurisdiction

¶ 2 The acceptance of special action jurisdiction is discretionary. *State ex rel. Romley v. Superior Court,* 198 Ariz. 164, 165, ¶ 4, 7 P.3d 970, 971 (App.2000). We accept special action jurisdiction on this occasion for the following reasons. First, the denials of the public defender's motions to withdraw as counsel are non-appealable, interlocutory orders and thus appellate review is available only by special action. *Trebesch v. Superior Court,* 175 Ariz. 284, 286, 855 P.2d 798, 800 (App.1993). Second, the issue is likely to arise again because of the large number of referred juveniles alleged to be incorrigible. *See JV–111701 v. Superior Court,* 163 Ariz. 147, 149, 786 P.2d 998, 1000 (App.1989). Finally, we are addressing a purely legal issue of first impression and statewide importance. *Vo v. Superior Court,* 172 Ariz. 195, 198, 836 P.2d 408, 411 (App.1992). Accordingly, we accept jurisdiction.[1]

James J. Haas, Maricopa County Public Defender By Theresa M. Armendarez, Deputy Public Defender, Mesa, Attorneys for Petitioner.

Janet Napolitano, Arizona Attorney General By Thomas I. McClory, Assistant Attorney General, Phoenix, Amicus Curiae.

1. Although the record before us does not disclose whether the cases underlying the special actions have been heard and decided, we conclude that the issue is not moot. The public defender will continue to be appointed in similar situations and the propriety of such appointments will continue to evade review unless an appellate court speaks on this issue. *See Trebesch,* 175 Ariz. at 287, 855 P.2d at 801.

### Facts and Procedural History

¶ 3 We present only the facts necessary to address the legal question presented. The facts in all three juvenile cases that are the subject of these special actions are identical for purposes of the issue presented herein. Each juvenile was charged with an incorrigibility [2] offense. The juvenile court appointed the public defender to represent each juvenile in all further proceedings.[3] The public defender filed motions to withdraw as counsel, which were denied. The public defender then filed special actions challenging the denials of the motions to withdraw as counsel. The special actions have been consolidated before this court. All three cases present one issue for review: whether the juvenile court has the authority to appoint the public defender to represent an indigent juvenile charged with only an incorrigibility offense.

### Discussion

¶ 4 The statute that sets forth the duties of the public defender, Ariz.Rev.Stat. ("A.R.S.") § 11–584 (2001), provides in part:

A. The public defender shall perform the following duties:

1. Upon order of the court, defend, advise and counsel without expense to the defendant, subject to the provisions of subsection B of this section, any person who is not financially able to employ counsel in the following proceedings:

* * *

(e) Juvenile delinquency and incorrigibility proceedings only when appointed by the court under § 8–221.

¶ 5 A.R.S. § 8–221 (Supp.2001), a statute addressing certain procedures to be followed by the juvenile court, provides:

A. In all proceedings involving offenses, dependency or termination of parental rights that are conducted pursuant to this title and that may result in detention,[4] a juvenile has the right to be represented by counsel.

B. If a juvenile, parent or guardian is found to be indigent and entitled to counsel, the juvenile court shall appoint an attorney to represent the person or persons unless counsel for the juvenile is waived by both the juvenile and the parent or guardian.

* * *

H. In a county where there is a public defender, the public defender may act as attorney in either:

1. A delinquency or incorrigibility proceeding when requested by the juvenile court.

¶ 6 Our goal in statutory interpretation is to discern the intent of the legislature. *Guardianship/Conservatorship of Denton*, 190 Ariz. 152, 155, 945 P.2d 1283, 1286 (1997). The rules of statutory construction require courts to interpret and give meaning to legislative intent by giving the words used by the legislature their plain and ordinary meaning unless the context requires a different meaning. *State v. Averyt*, 179 Ariz. 123, 127, 876 P.2d 1158, 1162 (App. 1994). Legislative intent may be discovered by examining the development of a particular statute. *Carrow Co. v. Lusby*, 167 Ariz. 18, 20, 804 P.2d 747, 749 (1990).

---

2. An incorrigible child is one who refuses to obey parental directions, fails to attend school, runs away from home, fails to obey court orders, or otherwise commits an offense which is not designated as a delinquent act. Ariz.Rev.Stat. ("A.R.S") § 8–201(15) (Supp.2001).

3. In its petition for special action in 1 CA–SA 01–0163, the public defender asserts that his office was appointed to represent the juvenile without a determination of indigency. However, the juvenile court noted that the juvenile had completed an Affidavit and Determination of Indigency at a prior Advisory Hearing that suffices for the finding of indigency required by A.R.S. § 8–221(B)

(Supp.2001). We cannot discern from the record whether similar findings were made with respect to the two other juveniles, but their indigence was not challenged in this court and we will assume all proper findings were made pursuant to A.R.S. § 8–221(B).

4. " 'Detention' means the temporary confinement of a juvenile who requires secure care in a physically restricting facility that is completely surrounded by a locked and physically secure barrier with restricted ingress and egress for the protection of the juvenile or the community pending court disposition or as a condition of probation." A.R.S. § 8–201(14) (Supp.2001).

¶ 7 Prior to 1997, the predecessor to A.R.S. § 8–221(A)[5] read: "In all proceedings conducted pursuant to this title and the rules of procedure for the juvenile court, a child has the right to be represented by counsel." A.R.S. § 8–225(A) (Supp.1996). In 1997, this subsection was amended to add the language at issue: "In all proceedings involving offenses that are conducted pursuant to this title *and that may result in detention,* a juvenile has the right to be represented by counsel." 1997 Ariz. Sess. Laws, ch. 220, § 17 (emphasis added). Subsection (A) was again amended in 1998: "In all proceedings involving offenses, dependency or termination of parental rights that are conducted pursuant to this title and that may result in detention, a juvenile has the right to be represented by counsel." 1998 Ariz. Sess. Laws., ch. 276, § 3.

¶ 8 The public defender contends that because the legislature amended A.R.S. § 8–221(A)[6] in 1997 to add the language, "and that may result in detention," it intended to limit the appointment of the public defender to only those cases involving juveniles charged with offenses punishable by detention. Further, the public defender argues that although A.R.S. § 8–221(H)(1) appears to be inconsistent with subsection (A), subsection (H)(1) must be read in conjunction with—and subject to—the limitation set forth in subsection (A). We disagree with the public defender's argument because it misconstrues the purpose of § 8–221(A) and fails to take into proper account all the pertinent provisions within § 11–584 and § 8–221.

¶ 9 The public defender's proposed interpretation confuses juveniles' right to court-appointed counsel in certain proceedings specified by § 8–221(A) with the public defender's obligation to represent indigent juveniles when appointed by the juvenile court under §§ 11–584(A)(1)(e) and 8–221(H)(1). Section 8–221(A) does not define the scope of the public defender's obligation to represent indigent juveniles when appointed by the court. Rather, §§ 11–584(A)(1)(e) and 8–221(H)(1) are the statutory provisions addressing the public defender's obligation to represent juveniles in incorrigibility proceedings when appointed by the court. Section 8–221(A) affords juveniles an absolute right to counsel in proceedings that may result in detention. Section 8–221(B) provides that the juvenile court shall appoint an attorney to represent indigent juveniles who are entitled to counsel under § 8–221(A). Accordingly, if an indigent juvenile is charged with an offense that may result in detention, the court must appoint counsel—often the public defender—for the juvenile. In contrast, if an indigent juvenile is charged with an incorrigibility offense that will not result in detention, the juvenile has no absolute right to court-appointed counsel; but the juvenile court has the discretionary authority to appoint the public defender to represent the juvenile under §§ 11–584(A)(1)(e) and 8–221(H)(1) when the court deems it advisable to protect the interests of the juvenile. The juvenile court's authority to appoint counsel in this situation exists independently from a juvenile's right to counsel.

¶ 10 Our conclusion is supported by consideration of all the pertinent statutory provisions. *See Devenir Assoc. v. City of Phoenix,* 169 Ariz. 500, 503, 821 P.2d 161, 164 (1991) ("The court must, if possible, give meaning to each clause and word in the statute or rule to avoid rendering anything superfluous, void, contradictory, or insignificant."). Section 11–584(A)(1)(e) provides that the public defender shall, upon order of the court, defend juveniles in delinquency and incorrigibility proceedings. Additionally, under § 8–221(H)(1), the public defender may defend a juvenile in a delinquency or incorrigibility proceeding when requested by the juvenile court. When the legislature added the language, "and that may result in detention" to § 8–221(A), it did not correspondingly delete the provisions in both § 8–221(H)(1) and § 11–584(A)(1)(e) authorizing the appointment of the public defender in incorrigibility proceedings. We conclude that the plain language of these statutes,

---

**5.** A.R.S. § 8–221 (Supp.2001) was previously numbered § 8–225 before it was amended in 1999. 1999 Ariz. Sess. Laws, ch. 36, § 6.

**6.** For convenience, we will refer to the statute as it is currently numbered.

when considered together, indicates that the public defender may be appointed to represent juveniles in incorrigibility proceedings, even when there is no risk of detention.

¶ 11 By amending § 8–221(A) in 1997 to add the words, "and that may result in detention," the legislature limited an indigent juvenile's right to court-appointed counsel. Because of the amendment, an indigent juvenile charged with an incorrigibility offense will not generally be entitled to court-appointed counsel under § 8–221(A).[7] However, the public defender has not cited us to any legislative history indicating that the legislature meant to similarly restrict the juvenile court's authority to appoint the public defender to represent juveniles in incorrigibility proceedings, nor has our own research revealed any such specific legislative intent. To apply the limitation inserted by the legislature in § 8–221(A) in 1997 to the provisions of § 8–221(H)(1) and § 11–584(A)(1)(e) would require an assumption of legislative intent that we are unwilling to make.

¶ 12 As an alternative argument, the public defender contends that if the juvenile court appoints the public defender to represent a juvenile when there is no chance the juvenile will be detained, the public defender has the option of accepting or rejecting the appointment because § 8–221(H)(1) uses permissive words: the public defender "may" act as an attorney in incorrigibility proceedings when "requested" by the juvenile court. We agree the term "may" usually implies some degree of discretion. *United States v. Rodgers*, 461 U.S. 677, 706, 103 S.Ct. 2132, 76 L.Ed.2d 236 (1983). However, we look at the entire statutory context to determine the intent of the language. Significantly, § 11–584(A)(1)(e) requires the public defender to defend clients in "[j]uvenile delinquency and incorrigibility proceedings"

when appointed by the court under § 8–221. The plain language of § 11–584 suggests that a juvenile court has the discretionary authority to appoint a public defender to represent a juvenile charged with an incorrigibility offense. This conclusion is consistent with the language in § 8–221(H)(1). Although an indigent juvenile charged with an incorrigibility offense does not have an absolute right to court-appointed counsel under § 8–221(A) and (B) if the offense cannot result in detention, the juvenile court still has the authority to appoint counsel pursuant to § 8–221(H)(1). These statutory provisions lead us to conclude that the public defender has no right to decline such a request. *See Rodgers*, 461 U.S. at 706, 103 S.Ct. 2132 (finding that the word "may" in a statute generally infers a discretionary duty, but that inference "can be defeated by indications of legislative intent to the contrary or by obvious inferences from the structure and purpose of the statute . . .").

¶ 13 We also conclude that the word "may" in § 8–221(H) simply conveys that the public defender is authorized to represent juveniles in delinquency and incorrigibility proceedings when requested by the court. Similarly, the word "requested" in § 8–221(H)(1), in the context of this statutory scheme, is the functional equivalent of "appointed." Accordingly, the public defender is obligated under these statutes to represent indigent juveniles in incorrigibility proceedings when appointed by the court, even if there is no risk of detention.[8]

### Conclusion

¶ 14 We accept special action jurisdiction and deny relief. We affirm the juve-

---

**7.** Although detention cannot be imposed as a disposition after a juvenile has been found delinquent for an incorrigibility offense, *Gila County Juv. Action No. DEL–6325 v. Duber*, 169 Ariz. 47, 48, 816 P.2d 944, 945 (App.1991), juveniles charged with incorrigibility offenses may, under limited circumstances, be detained prior to disposition. *See* A.R.S. § 8–305(A) (Supp.2001); *JV–130549 v. Superior Court*, 178 Ariz. 211, 214, 871 P.2d 758, 761 (App.1994); Ariz. R.P. Juv. Ct. 23(C). Thus, while most juveniles charged with

incorrigibility offenses are not exposed to a risk of detention, there will be occasions when juveniles charged with incorrigibility offenses will have a right to counsel under § 8–221(A), because of potential pre-disposition detention.

**8.** We recognize that there may be ethical or other legal impediments to public defender representation in any particular case. Our holding today does not affect such issues.

nile court's denials of the motions to withdraw and hold that the juvenile court has the authority to appoint the public defender to represent indigent juveniles charged with incorrigibility offenses. The juvenile court must, of course, exercise sound discretion in determining those occasions when the public defender will be appointed to represent juveniles in incorrigibility proceedings.

CONCURRING: NOEL FIDEL, Judge, and JAMES B. SULT, Judge.