PER CURIAM.
Appellant J.R.I., a child, appeals the trial court’s order committing him to a moderate risk juvenile facility upon the revocation of his probation. Appellant argues that his waivers of counsel in the original proceedings were not knowingly or intelligently made, and therefore, the trial court could not commit him upon revoking his probation. The State concedes that appellant’s waivers of counsel in the original proceedings, including his plea to the underlying offense, were not knowingly or intelligently made. See State v. T.G., 800 So.2d 204, 206, 210-11 (Fla.2001); see also Faretta v. California, 422 U.S. 806, 835, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).
Because appellant did not knowingly and intelligently waive his right to counsel, he could not have been sentenced to a term of “imprisonment” for his original offense. See Argersinger v. Hamlin, 407 U.S. 25, 37, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972) (stating that “absent a knowing and intelligent waiver, no person may be imprisoned for any offense, whether classified as petty, misdemeanor, or felony, unless he was represented by counsel at his trial”). Therefore, he also cannot be sentenced to a term of imprisonment, or in this case, committed to a juvenile facility, upon the revocation of his probation. See § 985.231(l)(a)l.c., Fla. Stat. (2004) (stating that upon revoking probation, the trial court “may impose any sanction the court could have imposed at the original disposition hearing”); see also Tur v. State, 797 So.2d 4, 6 (Fla. 3d DCA 2001) (stating that “where a jail sentence could not be imposed upon a defendant on the underlying charge because he was not represented by counsel, a jail sentence could not thereafter be imposed on him following revocation of that probation”). The trial court thus erred in committing appellant to a juvenile facility upon revoking his probation.
Accordingly, we REVERSE the order of disposition committing appellant to a moderate risk juvenile facility.
WEBSTER, BENTON and POLSTON, JJ., concur.