116 P.3d 1222

**LANA A., Petitioner,**

v.

**The Honorable R. Jeffrey WOODBURN, Commissioner of the Superior Court of the State of Arizona, in and for the County of Maricopa, Commissioner,**

State of Arizona, Real Party in Interest.

**Marie E., Juvenile Petitioner,**

v.

**The Honorable Linda H. Miles, Judge of the Superior Court of the State of Arizona, in and for the County of Maricopa, Respondent Judge,**

State of Arizona, Real Party in Interest.

Nos. 1 CA–SA 05–0089, 1 CA–SA 05–0090.

Court of Appeals of Arizona, Division 1, Department D.

Aug. 4, 2005.

Office of the Maricopa County Public Defender By Helene F. Abrams and Suzanne W. Sanchez, Phoenix, Attorneys for Petitioners.

Andrew P Thomas, Maricopa County Attorney By Linda Van Brakel, Phoenix, Attorney for Real Party in Interest.

## OPINION

KESSLER, Presiding Judge.

¶1 Petitioners challenge the juvenile court's orders subjecting them to detention pending disposition on their probation revocation hearings in these consolidated petitions for special action. Petitioners argue they cannot be subject to detention because they were adjudicated incorrigible without the benefit of counsel. We filed an order accepting jurisdiction and stating that a written decision would follow. This is that decision. For the reasons stated below, we hold that Petitioners were detained in error and cannot be subject to further detention based on their original incorrigibility adjudications.

## FACTUAL AND PROCEDURAL HISTORY

### Lana A.

¶2 The State filed a truancy citation against Lana A. ("Lana"), alleging that she had been habitually truant. At an advisory hearing on the citation, the Commissioner informed Lana that, upon entering an admission of the allegations, she would waive her rights to remain silent and to have a hearing at which she would be presumed innocent and be able to cross-examine the State's witnesses. The Commissioner further informed Lana that upon her admission he could order her detained pending disposition on the truancy charges. The Commissioner, however, did not inform her of a right to counsel, nor did he appoint counsel for her. Lana did not hire an attorney to represent her in her incorrigibility hearing. Lana admitted the charges and the Commissioner adjudicated her incorrigible. The Commissioner proceeded to disposition immediately and placed Lana on summary probation, releasing her to the physical custody of her mother.

¶3 The State subsequently filed a petition to revoke Lana's probation, alleging that she had violated the terms of her probation. Lana was represented by counsel at the violation of probation hearings. At the initial violation of probation hearing, the court ordered her detained, finding it contrary to her welfare to remain in her mother's custody. She was released to the custody of the Department of Economic Security seven days later, and then to her grandmother's custody. After admitting to having violated the terms of her probation Lana was reinstated to probation, and the court issued an order containing a written warning that she could be detained if she violated the terms of her probation.

¶4 The State filed a second petition to revoke Lana's probation alleging further violations of the terms of her probation. At the violation of probation hearing, Lana was represented by counsel. She admitted to having

violated the terms of her probation, and was adjudicated in violation of her probation. The court released her pursuant to the terms of a written release order, which contained a warning that failure to abide by the terms of the order could result in revocation of release. During a subsequent hearing, at which Lana was represented by counsel, the court ordered her detained for violating the terms of her release. It appears from the record that she was held in detention until her disposition hearing four weeks later, at which time she was released subject to another order warning her she could be detained if she violated the terms of her probation.

**Marie E.**

¶ 5 The State filed a citation against Marie E. ("Marie"), alleging a curfew violation. At the advisory hearing, the court informed Marie she had the right to contest the citation at trial, at which time she could hire an attorney to represent her, but she was not entitled to a court-appointed attorney. Marie admitted to the curfew violation, and was adjudicated incorrigible. The court placed her on standard probation and released her to her mother's physical custody. Marie was not represented by counsel at this hearing.

¶ 6 The State subsequently filed a petition to revoke Marie's probation. At the probation revocation hearing, Marie was represented by counsel. She admitted to having violated the terms of her probation, and was released pending the disposition hearing. The court later revoked Marie's release status and issued a temporary custody warrant over the objection of Marie's attorney. At Marie's scheduled disposition hearing three weeks later, the court quashed the warrant and ordered Marie detained pending a continued disposition hearing later that day. At the continued disposition hearing, Marie informed the court that she no longer wished to live with her mother. The court found it contrary to Marie's welfare to remain in her parents' custody and ordered her detained pending her next hearing. The court con-

ducted a probable cause hearing two days later, ordering Marie detained pending her next hearing. At a violation hearing five days later, the court ordered Marie detained until there was an opening for her in a 28–day substance abuse program. Marie was represented by counsel at all proceedings following the State's petition to revoke probation. Both parties concede that Marie was released after the disposition hearing. However, according to Marie, it is the court's position that she may be detained in the course of future probation revocation proceedings.

**Discussion**

¶ 7 The issue presented is whether a juvenile may be subject to predisposition detention when the juvenile was not afforded the right to counsel at her initial incorrigibility hearing. We hold that Petitioners cannot be detained because they must be afforded the right to counsel at any hearing that may result in their detention, including the initial incorrigibility hearing.[1]

**Jurisdiction**

¶ 8 Special action jurisdiction is appropriate where there is no plain, speedy, or adequate remedy on appeal. Ariz. R.P. Spec. Act. 1(a). Typically a juvenile will challenge the terms of detention after the juvenile court issues a final disposition order. A.R.S. § 8–235(A) (1999). However, Petitioners in these consolidated special actions challenge orders subjecting them to detention *pending the disposition hearings* in their probation revocation proceedings. There is not an equally adequate avenue of review for predisposition detention orders. Moreover, the issue presented in this case involves the authority of the court to detain juveniles after incorrigibility proceedings at which they did not enjoy the right to counsel. Because issues dealing with predisposition detention of incorrigible children have "substantial importance and will continuously affect a large number of juveniles," we accept jurisdiction.

---

1. Petitioners base their argument largely on the due process requirements articulated in *In re Gault*, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967). We do not address Petitioners' constitu-

tional argument because we can decide it on statutory grounds. *See Residential Utility Consumer Office v. Arizona Corp. Comm'n.,* 199 Ariz. 588, 591, ¶ 7, 20 P.3d 1169, 1172 (App.2001).

*JV–130549 v.Super. Ct.*, 178 Ariz. 211, 212, 871 P.2d 758, 759 (App.1994)(internal quotes omitted). *See also Haas v. Colosi*, 202 Ariz. 56, 57, ¶ 2, 40 P.3d 1249, 1250 (App.2002) (acceptance of special action jurisdiction in case addressing whether appointed counsel can withdraw from incorrigibility proceedings is appropriate because of the large number of juveniles alleged to be incorrigible).

**Mootness**

■ ¶ 9 This Court is not bound by the case or controversy requirements of the United States Constitution. *Fraternal Order of Police Lodge 2 v. Phoenix Employee Relations Bd.*, 133 Ariz. 126, 127, 650 P.2d 428, 429 (1982). However, as a policy of judicial restraint, we will not address moot or abstract questions. *Id.* We will make an exception to this policy, however, for questions of public importance and matters that are capable of repetition yet evading review. *Id.*

¶ 10 Petitioners have been released from detention and are therefore no longer deprived of their liberty. However, they are still on probation and subject to detention. Thus, the issue is not moot. Alternatively, since pretrial detention is necessarily brief, Ariz. R.P. Juv. Ct. 23(C), (H), 25(B)(1), 28(B)(1), and 29(B)(1), this issue is likely to recur without the possibility of appellate review. *JV–502820 v.Super. Ct.*, 181 Ariz. 243, 246, 889 P.2d 36, 39 (App.1995). Moreover, whether the courts detained Petitioners in excess of their authority is a question of public importance. We will therefore address Petitioners' claims despite the fact they have been released from detention.

**Analysis**

■ ¶ 11 A juvenile defendant has the right to an attorney in proceedings "that may result in detention." A.R.S. § 8–221(A) (1999). *See also* Ariz. R.P. Juv. Ct. 10(A) ("[t]he juvenile has the right to be represented by counsel in all delinquency and incorrigibility proceedings as provided by law."). Detention in this context is defined as the "temporary confinement of a juvenile who requires secure care in a physically restricting facility that is completely surrounded by a locked and physically secure barrier with restricted ingress and egress for the protection of the juvenile or the community pending court disposition or as a condition of probation." A.R.S. § 8–201(14) (1998).

¶ 12 The court has the authority to detain juveniles who have been adjudicated incorrigible pending final disposition hearings. A.R.S. § 8–303(B)(1) (1998) (child shall be taken into custody on order of juvenile court); *JV–130549*, 178 Ariz. at 213–14, 871 P.2d at 760–61; Ariz. R.P. Juv. Ct. 23(D), 28(B)(1), 29(B)(1) and 30(B)(1)(a) (permitting detention of juvenile pending disposition on incorrigibility and setting time limits for hearings when child is in detention). *See also* A.R.S. § 8–305(A) (1999) (mandating detention facilities separate from adults for "children who are incorrigible and within the provisions of this article shall be detained when necessary before or after a hearing …".). While an incorrigible juvenile may be detained prior to final disposition, the court may not detain the juvenile on final disposition. A.R.S. § 8–341(A)(2) (2002) (listing possible dispositions); A.R.S. § 8–342(A) (1998) (an incorrigible juvenile shall not be awarded to the department of juvenile corrections); *Gila County Juv. Act. No. DEL–6325 v. Duber*, 169 Ariz. 47, 48, 816 P.2d 944, 945 (App.1991) (detention is not a dispositional alternative for incorrigibility); *Haas*, 202 Ariz. at 60 n. 7, 40 P.3d at 1253 n. 7 (same).

■ ¶ 13 Since a juvenile may be detained pending disposition of an incorrigibility hearing, incorrigibility hearings are proceedings that may result in detention. Therefore, a juvenile has the right to an attorney in incorrigibility proceedings under A.R.S. § 8–221(A). *See also Haas*, 202 Ariz. at 60 n. 7, 40 P.3d at 1253 n. 7 (dicta). If a juvenile is charged with an incorrigibility offense, the court must inform the juvenile of her right to counsel and allow her the opportunity to obtain counsel.[2] *In re Gault*, 387 U.S at 41,

---

2. We reject the State's assertion that Petitioners neither requested nor were denied the right to counsel. The court did not inform either petitioner of their right to counsel, and in Marie's case, even told her that she did not have the right to court-appointed counsel. This is tantamount to denial of the right to counsel. *See Miranda v.*

87 S.Ct. 1428 (decided on due process grounds). If the juvenile is found indigent, the court must appoint counsel unless there is a valid waiver. A.R.S. § 8–221(B). Failure of the court to appoint counsel to a juvenile charged with an incorrigibility offense will preclude the court from future detention of the juvenile.[3]

¶ 14 The State nonetheless claims that Petitioners had no right to counsel because incarceration is not a dispositional alternative to an incorrigibility offense. We reject this argument because the right to an attorney provided by A.R.S. § 8–221(A) is not limited to dispositional "detentions." Section 8–221(A) does not specify the possibility of detention must involve a dispositional sentence of detention in order to trigger the right to an attorney. It grants the right to counsel in proceedings "that may result in detention." *See* ¶ 11, *supra*. Moreover, the State's argument would render Ariz. R.P. Juv. Ct. 10(A), which grants juveniles the right to counsel "in incorrigibility proceedings as provided by law" meaningless. The state's analysis is also counter to this Court's previous interpretation of the statute, albeit in dicta, as mandating appointment of counsel to juveniles charged with incorrigibility offenses if they may be detained pending disposition of their incorrigibility hearings. *See Haas*, 202 Ariz. at 60 n. 7, 40 P.3d at 1253 n. 7.

¶ 15 In addition, we do not agree with the State's argument that the differences between predisposition detention and postdisposition detention justify denial of the right to counsel. Although predisposition detention is necessarily non-punitive, and is a product of the State's role as *parens patriae*, it is detention nonetheless. Section 8–221(A) does not specify at what point in the juvenile proceedings the detention must occur, or of what nature the detention must be. In fact, the definition of detention for the purposes of § 8–221(A) includes predisposition detention.

¶ 16 At Petitioners' initial incorrigibility hearings, they were neither informed of their right to counsel, nor were they appointed counsel. As a result, they could not be detained within the scope of their incorrigibility proceedings or any later proceedings arising from the adjudications of incorrigibility, regardless of whether it was "for their own welfare" or as punishment for their underlying offenses. The juvenile court's orders subjecting them to predisposition detention were therefore impermissible under Arizona law. Moreover, they cannot be subject to further predisposition detention related to the incorrigibility adjudications at issue in this case.[4]

## CONCLUSION

¶ 17 A juvenile charged with an incorrigibility offense has the right to an attorney under Arizona law. When a juvenile is deprived of the right to counsel at her incorrigibility hearing, she cannot be detained in later proceedings related to that incorrigibility offense. Because Petitioners were not afforded the right to counsel at their incorrigibility hearings, they could not lawfully be detained in later proceedings arising from those incorrigibility charges, nor are they subject to detention in future proceedings arising from the incorrigibility charges at issue in this case.

CONCURRING: LAWRENCE F. WINTHROP and PHILIP HALL, Judges.

*Arizona*, 384 U.S. 436, 470–71, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

3. We note that courts in other jurisdictions have come to similar conclusions based on due process principles. *C.M. v. State*, 855 So.2d 582, 585 (Ala.Crim.App.2002) (when court did not appoint counsel for juvenile because the court did not intend to detain him, juvenile could not be subject to detention upon revocation of probation under *Alabama v. Shelton*, 535 U.S. 654, 122 S.Ct. 1764, 152 L.Ed.2d 888 (2002)); *J.R.I. v. State*, 898 So.2d 1093, 1094

(Fla.Dist.Ct.App.2005)(juvenile who could not be sentenced to a term of imprisonment because he was not afforded the right to counsel cannot be subject to imprisonment upon revocation of probation).

4. Nothing in this decision prevents the court from ordering Petitioners detained in the course of proceedings on new incorrigibility or delinquency charges at which Petitioners are afforded the right to counsel.