NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

KRISTAN LANDRY, *Petitioner/Appellant,*

*v.*

RICHARD F. LANDRY, *Respondent/Appellee.*

No. 1 CA-CV 16-0665 FC
FILED 8-8-2017

Appeal from the Superior Court in Maricopa County
Nos. FC2009-006390, FC2009-094448 (Consolidated)
The Honorable Kristin Culbertson, Judge
The Honorable Justin Beresky, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Alongi & Donovan Law, PLLC, Tempe
By Thomas P. Alongi, Phoenix
*Counsel for Petitioner/Appellant*

Royer Law Office, P.C., Phoenix
By Kenneth G. Royer, Phoenix
*Counsel for Respondent/Appellee*

---

**MEMORANDUM DECISION**

Judge James P. Beene delivered the decision of the Court, in which Chief Judge Samuel A. Thumma and Judge Diane M. Johnsen joined.

---

**B E E N E**, Judge:

¶1        Kristan Landry ("Mother") appeals the superior court's order awarding Richard Landry ("Father") legal decision-making authority and parenting time of their child E.L. The court awarded Father sole legal decision-making authority over E.L. and ruled that Mother's parenting time with E.L. be exercised at E.L.'s discretion. For the following reasons, we affirm.

**FACTUAL AND PROCEDURAL HISTORY**

¶2        In December 2014, Mother and Father agreed to joint legal decision-making authority regarding their children. They also agreed to work with a therapeutic interventionist ("TI"), who would help determine appropriate parenting time.

¶3        In December 2015, Mother sought an order of protection against Father. The request was denied. Father then filed a motion to enforce the parenting time agreement, claiming Mother was preventing E.L. from visiting Father. The superior court issued a temporary order allowing E.L. to determine a parenting time schedule with her parents, and ordered Conciliation Services to conduct a confidential interview of each of the children. Neither party was permitted to review the interview reports, and neither party raised an objection to the court's consideration of the reports or admittance at the subsequent trial.

¶4        In March 2016, the superior court held a status conference, which Mother did not attend.[1] At the conference, the court, *sua sponte*, awarded Father temporary sole legal decision-making authority over E.L.

¶5        At a hearing in May 2016, the superior court scheduled an evidentiary hearing to determine whether Father should be granted sole

---

[1]      Mother was present in court on February 5, 2016, when the court scheduled the March 11, 2016 status conference.

legal decision-making authority over E.L., and affirmed its temporary orders in the interim. After the evidentiary hearing was held in July 2016, the court awarded Father permanent legal decision-making authority over E.L. and joint legal decision-making authority over C.L.[2] The court also ordered that E.L.'s parenting time with Mother be exercised at E.L.'s discretion.

¶6        Mother timely appealed the superior court's decision. We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 12-2101(A)(1) (2017).[3]

**DISCUSSION**

¶7        Mother argues that the superior court erred by not making the confidential child interviews available for review. Mother also contends that the superior court violated her due process rights when it awarded Father temporary legal decision-making authority. We review an order modifying parenting time and legal decision-making authority for an abuse of discretion resulting in prejudice, but review *de novo* questions involving the interpretation of procedural rules. *Baker v. Meyer*, 237 Ariz. 112, 116, ¶ 10 (App. 2015); *Manuel M. v. Ariz. Dep't of Econ. Sec.*, 218 Ariz. 205, 210, ¶ 18 (App. 2008); *Fuentes v. Fuentes*, 209 Ariz. 51, 56, ¶ 24 (App. 2004); *In re Marriage of Diezsi*, 201 Ariz. 524, 525, ¶ 3 (App. 2002).

¶8        Mother failed to raise an objection regarding the confidential child interviews at trial. Generally, an argument not raised before the trial court cannot be raised for the first time on appeal. *Dillig v. Fisher*, 142 Ariz. 47, 51 (App. 1984). However, "[i]f application of a legal principle, even if not raised below, would dispose of an action on appeal and correctly explain the law, it is appropriate for us to consider the issue." *Evenstad v. State*, 178 Ariz. 578, 582 (App. 1993). Therefore, we address the issue on the merits.

¶9        Rule 12 of the Arizona Rules of Family Law Procedure requires that "[t]he record of the interview must be made available to the parties, *unless they have stipulated otherwise*[.]" (Emphasis added.) The plain language of Rule 12 requires the court make confidential child interviews available to both parties unless they stipulate otherwise.

---

[2]        Mother was present with her attorney at the May 2016 hearing.

[3]        Absent material revisions after the relevant date, we cite a statute's current version.

¶10        Here, Mother argues she did not agree that the children's interviews would be kept confidential from her and Father.  Father contends that both parties stipulated to non-disclosure of the reports, but does not cite any record evidence of such agreement.  Because the record is devoid of any stipulation that the interviews would be kept confidential from the parents, the superior court was required to make "[t]he record of the interview . . . available to the parties[.]"  Ariz. R. Fam. Law P. 12(A).

¶11        Despite the court's error, Mother was not prejudiced.  Based on all the evidence, the superior court determined that it was in E.L.'s best interests for Father to have sole legal decision-making authority, and that parenting time between E.L. and Mother be at the child's discretion.  The superior court heard testimony from Mother and Father.  Father testified that E.L. did not request any parenting time with Mother and Mother had previously coerced E.L. into not visiting Father.  Father also testified that E.L.'s health and grades were improving while living with him.

¶12        Evidence received by the court included a Gilbert Police Department report and the TI reports from December 2015 and February 2016.  In pertinent part, the police report found that:

> [E.L.] stated her mother preps her for her therapy session telling [her] what to say when she goes to them.

> [E.L.] stated her mother also hides an audio recorder in her pant pocket to capture the content of the therapy session while she attends them.

> [E.L.] stated if she says something wrong, her mother confronts her  . . .  and she is afraid of her mother's confrontation.

> * * * *

> [E.L.] stated on one occasion, [E.L.] was told by her mom to "jump out of the car and run home" when they arrived at the restaurant for dinner with [Father] and on another occasion she was told by her mom to stay in the car.

The TI reports found, as relevant here, that:

> [E.L.] seemed anxious and fearful as she spoke about her verbal and physical interactions with her mother.

4

[E.L.] stated she was afraid of being punished by her mother if she told this TI about what she experienced.

\* \* \* \*

[E.L.] described specific incidences of physical and emotional abuse inflicted upon her by her mother.

\* \* \* \*

[E.L.'s] statements about the domestic violence she suffered at the hands of her mother matched those she reported to . . . the Gilbert Police Department.

[E.L.] has been hiding the abuse she has received from her mother because she fears retaliation from her mother.

\* \* \* \*

Father seems to be able to provide a safe and protective environment to [E.L.].

¶13        The evidence supported the court's findings that Mother "engaged in a variety of actions aimed at alienating the children from Father," including coaching E.L. for TI meetings and coercing E.L. into making false allegations against Father to police. Importantly, when the court allowed E.L. to decide parenting time, she chose to live at Father's home and not spend any time with Mother. A review of E.L.'s confidential interview establishes E.L. made statements that were consistent with other evidence before the court. As such, the superior court's failure to comply with Rule 12 did not prejudice Mother because the information contained in E.L.'s confidential interview was cumulative. *See Fuentes*, 209 Ariz. at 57, ¶ 28. Moreover, the evidence before the court, including the confidential child interview, constituted sufficient support for the superior court's ruling.

¶14        Mother also asserts that the superior court violated her due process rights when it granted Father temporary sole legal decision-making authority over E.L. without notice and without conducting an evidentiary hearing.

¶15        Whether the court properly awarded temporary legal decision-making authority and parenting time to Father is now a moot question. "A case becomes moot when an event occurs which would cause

the outcome of the appeal to have no practical effect on the parties." *Sedona Private Prop. Owners Ass'n v. City of Sedona*, 192 Ariz. 126, 127, ¶ 5 (App. 1998). As a policy of judicial restraint, we do not address moot questions. *Lana A. v. Woodburn*, 211 Ariz. 62, 65, ¶ 9 (App. 2005).

¶16　　　　Mother had notice of the evidentiary hearing set to finally determine Father's request to modify legal decision-making authority and parenting time. Mother was represented by counsel at the hearing and fully participated in the proceeding. Because Mother was afforded these procedural safeguards, whether the superior court acted improperly during previous temporary order hearings is moot and therefore will not be addressed.

¶17　　　　Mother requests attorneys' fees and costs on appeal pursuant to A.R.S. § 25-324, -403(A)(7), or -415(A)(1). After review of the parties' respective financial resources pursuant to A.R.S. § 25-324(A), there is a significant financial disparity. As such and because Mother's positions were reasonable, she is awarded reasonable attorneys' fees and costs on appeal contingent on her compliance with ARCAP 21.

## CONCLUSION

¶18　　　　For the foregoing reasons, we affirm the superior court's order modifying legal decision-making authority and parenting time with respect to E.L.



AMY M. WOOD • Clerk of the Court
FILED: AA